David T. BOYD, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10058.

Court of Appeals of Alaska.

June 26, 2009.

Jason L. Bergevin, Law Offices of Royce & Brain, Anchorage, for the Appellant.

Shawn D. Traini, Assistant District Attorney, Roman J. Kalytiak, District Attorney, Palmer, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

BOLGER, Judge.

David T. Boyd was convicted of operating an oversized vehicle on the state highway system without a permit.[1] He contends that the district court erred when it concluded that the permit requirements of 17 AAC 25.011 applied to the road grader he was operating. For the reasons explained here, we affirm the district court's decision.

### Background facts and proceedings

On August 20, 2007, Boyd was operating a road grader on the Palmer–Wasilla highway. A commercial vehicle enforcement officer stopped Boyd to determine if the road grader was oversized, and, if so, whether Boyd had a permit to operate it on the state highway system. Under the Alaska Administrative Code, permits are required for all vehicles wider than eight and a half feet.[2] Boyd's road grader was nine and a half feet wide. He was consequently cited for operating the road grader without a permit.

At a bench trial, Boyd presented evidence that he was using the road grader as part of a road maintenance contract with the Matanuska–Susitna Borough. Boyd's position was that the permit requirements in 17 AAC 25.011 did not apply to the road grader because it was "special mobile equipment" and not a commercial vehicle.

District Court Judge John W. Wolfe found that 17 AAC 25 applied to both commercial and non-commercial vehicles and that the regulation required a permit for any oversized vehicle that was driven or moved on the

---

1. 17 AAC 25.011.

2. 17 AAC 25.011.

state highway system, unless the vehicle fell under an exception. He found that a road grader was a "vehicle" and that no exception applied. Consequently, Judge Wolfe found Boyd guilty of operating an oversized vehicle on the state highway system without a permit.

*Why we conclude that 17 AAC 25 applies to road graders*

On appeal, Boyd renews his claim that the regulations in 17 AAC 25 do not apply to road graders. He contends that the regulations in this chapter apply only to the operation of commercial motor vehicles on state highways, not road maintenance equipment or other vehicles classified as "special mobile equipment." [3]

■ Boyd's claim presents a question of statutory construction. Our goal when interpreting a statute or regulation "is to ascertain and implement the intent of the legislature or agency that promulgated the statute or regulation." [4] Under Alaska's sliding scale approach to statutory interpretation, "the plainer the language of the statute, the more convincing any contrary legislative history must be .... to overcome the statute's plain meaning." [5]

The regulation Boyd was convicted of violating, 17 AAC 25.011, by its plain language regulates all wheeled vehicles, including vehicles defined as "special mobile equipment." [6] Boyd has cited no legislative or administrative history to support his claim that 17 AAC 25 as a whole regulates only commercial vehicles. Given the plain language of the regulations and the authorizing statutes, we reject Boyd's interpretation.

The regulations in 17 AAC 25 are authorized by Title 19 of the Alaska Statutes. These statutes make the Department of Transportation and Public Facilities responsible for the maintenance, protection, and control of the state highway system. [7] Among other things, the Department is authorized to control access to the state's highways and to exercise any other power necessary to carry out this responsibility. [8] Additionally, the Department may limit the weight, size, and load of vehicles that travel the highways, except for certain farm equipment. [9] The Department is required to issue special permits authorizing the operation of overweight and oversized vehicles. [10]

These statutes give the Department broad authority to regulate vehicle operations on state highways and to impose restrictions on any aspects of vehicle operation. [11] Nothing in the authorizing statutes restricts the Department's authority to the regulation of commercial vehicles.

Moreover, a road grader fits the legal definition of "vehicle"—that is, it is a "wheeled device capable of transporting persons or property on a highway." [12] In contrast, a road grader does not fit the legal definition of a "commercial motor vehicle": a self-propelled or towed vehicle that is used to transport passengers or property for commercial purposes, upon a highway or vehicular way, that has a gross vehicle weight rating or

---

3. *See* 13 AAC 40.010(52) (special mobile equipment is a "vehicle which is not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway[.]").

4. *Millman v. State,* 841 P.2d 190, 194 (Alaska App.1992); *see also State, Dep't of Highways v. Green,* 586 P.2d 595, 603 n. 24 (Alaska 1978) ("Administrative regulations which are legislative in character are interpreted using the same principles applicable to statutes.").

5. *Peninsula Mktg. Ass'n v. State,* 817 P.2d 917, 922 (Alaska 1991).

6. *See* 17 AAC 25.900(50) (defining "vehicle"); 17 AAC 25.250 (defining "commercial motor vehicle" as the meaning given in AS 19.10.399).

7. AS 19.05.010.

8. AS 19.05.040(5) & (13).

9. AS 19.10.060(a).

10. AS 19.10.060(b).

11. *See also* 17 AAC 25.100 ("The Department ... may prohibit the operation of vehicles upon any highway or may impose restrictions on any aspect of vehicle operation on any highway whenever the highway ... may be damaged or destroyed ... or whenever ... necessary ... in the interests of safety....").

12. 17 AAC 25.990(50).

gross combination weight rating greater than 10,000 pounds, or is designed to transport more than fifteen passengers, including the driver.[13] The regulations thus define "vehicle" more broadly than "commercial motor vehicle." While the regulations in 17 AAC 25 mainly govern this broader category of "vehicles," some provisions regulate only "commercial motor vehicles."[14] Consequently, we reject Boyd's claim that 17 AAC 25, as a whole, regulates only commercial vehicles.

■ This conclusion is supported by the Department's own interpretation of 17 AAC 25. When interpreting a regulation, courts normally give effect to an administrative agency's interpretation of its own regulation, unless that interpretation is plainly erroneous or plainly inconsistent with the authorizing statute or the regulation itself.[15] In 1989, the Department issued an Administrative Permit Manual for oversize and overweight permits. This manual is still in force and portions of it have been adopted in 17 AAC 25.[16] This manual shows that the Department has also interpreted 17 AAC 25 to apply to more than just commercial motor vehicles.

The manual applies to all "vehicles traveling in Alaska." It requires a permit for any vehicle of a size that exceeds the maximum dimensions listed in 17 AAC 25. As examples of the types of vehicles that require permits, the manual lists "self-propelled cranes, off road construction equipment, or other road maintenance equipment." The manual also has permit provisions for "equipment engaged in snow removal."[17] None of these vehicles fits the definition of a "commercial motor vehicle."[18]

■ In short, the regulations in 17 AAC 25 apply in large part to all wheeled vehicles, and 17 AAC 25.011 in particular requires that all oversized wheeled vehicles obtain permits. There are no other regulations that apply to the use of oversized or overweight vehicles on state highways. Hence, Boyd's argument that 17 AAC 25 applies only to commercial vehicles leads to an unreasonable result—that the Department does not regulate non-commercial vehicles in any way, regardless of the damage or destruction to the highway system caused by their size or weight, or the threat posed to the safety of the public using those highways. This interpretation defeats the obvious administrative purpose behind the regulations.[19]

■ Boyd notes that the section of the regulation he was cited for violating is titled "Commercial Motor Vehicles: Size and Weight." But under the rules of statutory construction, where the meaning of a statute or regulation is clear and unambiguous, a court will not consider the heading of the statute or regulation.[20] The regulation governing permit requirements for oversized vehicles unambiguously applies to all wheeled vehicles, including vehicles that are considered "special mobile equipment."

■ We conclude that, except where otherwise specified, 17 AAC 25 regulates all wheeled vehicles operating on the state highway system, not just commercial motor vehicles. The road grader Boyd was operating was an oversized wheeled vehicle. Accordingly, under 17 AAC 25 he needed a permit to operate the road grader on the state highway system.

---

13. 17 AAC 25.250.

14. *See* 17 AAC 25.200 (transportation of hazardous materials); 17 AAC 25.210 (safe operation); 17 AAC 25.220 (hours of service); 17 AAC 25.230 (inspections); 17 AAC 25.240 (unsafe or defectively equipped commercial motor vehicles); 17 AAC 25.310 (weigh stations and traffic stops).

15. *Green,* 586 P.2d at 602 n. 21; *see also Wilson v. State, Dep't of Corrections,* 127 P.3d 826, 829 (Alaska 2006) (explaining that "an agency's interpretation of a law within its area of jurisdiction can help resolve lingering ambiguity" in a challenged regulation).

16. *See* 17 AAC 25.320(b), 17 AAC 25.380(b).

17. The regulations set out permit fees for snow removal equipment. 17 AAC 25.380(b)(7).

18. *See* AS 19.10.399.

19. *See* 2A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 46:7, at 253–58 (7th ed.2007) (stating that statutes should be construed to avoid absurd results).

20. *See id.* § 47:14, at 341–42.

*Conclusion*

The district court's judgment is AFFIRMED.