2011 WY 72

**Ronald A. HARVEY, Appellant (Petitioner),**

v.

**The STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).**

**No. S–10–0194.**

Supreme Court of Wyoming.

April 25, 2011.

Representing Appellant: R. Michael Vang, Fleener & Vang, LLC, Laramie, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Kenneth J. Miller, Senior Assistant Attorney General; Douglas J. Moench, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Ronald Harvey, challenges an order from the district court affirming the suspension of his driver's license under Wyo. Stat. Ann. § 31–6–102 (LexisNexis 2009).[1] Appellant contends the trooper who stopped him did not have probable cause to justify the stop. We affirm.

1. Wyo. Stat. Ann. § 31–6–102 provides as follows:
 § 31–6–102. **Test to determine alcoholic or controlled substance content of blood; suspension of license.**
 (a) If arrested for an offense as defined by W.S. 31–5–233:
 (i) Any person who drives or is in actual physical control of a motor vehicle upon a public street or highway in this state is deemed to have given consent, subject to the provisions of this act, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcohol concentration or controlled substance content of his blood. The test or tests shall be:
 (A) Incidental to a lawful arrest;
 (B) Given as promptly as possible after the arrest;

## ISSUE

[¶ 2] Mr. Harvey presents the following issue:

Did the arresting officer present sufficient facts to find that Mr. Harvey violated the elements of Wyoming's Implied Consent law, specifically that the officer presented sufficient "admissible" evidence to support that he observed a valid violation of Wyoming Statute § 31–5–921(d)?

The Department phrases the issue as follows:

Did the hearing examiner correctly find that [the highway patrolman] had reasonable suspicion to contact Appellant for failure to equip his forklift with a slow moving vehicle emblem?

## FACTS

[¶ 3] On June 19, 2009, a Wyoming highway patrolman observed a forklift traveling at approximately five miles per hour on the shoulder of Highway 70 near Encampment, Wyoming. Upon passing the forklift, the trooper noticed that no "slow moving vehicle" emblem was displayed on the vehicle. The trooper initiated a traffic stop and Appellant identified himself as the driver.

[¶ 4] The trooper issued a written warning to Appellant for failing to display a slow moving vehicle emblem on the forklift in violation of Wyo. Stat. Ann. § 31–5–921(d). While issuing the warning, the trooper smelled a strong odor of alcohol coming from Appellant. When asked how much he had to drink that day, Appellant responded that he

(C) Administered at the direction of a peace officer who has probable cause to believe the person was driving or in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31–5–233(b) or any other law prohibiting driving under the influence as defined by W.S. 31–5–233(a)(v). . . .
(e) If a person submits to chemical testing and the test result indicates the person has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, the peace officer shall submit his signed statement to the department. Based upon the statement the department shall suspend the person's Wyoming driver's license or his privilege to operate a motor vehicle in this state for ninety (90) days.

had "one beer" half an hour earlier. The trooper asked Appellant to step down from the forklift so that he could make sure Appellant was not impaired. While the trooper was administering field sobriety tests, another trooper arrived to assist with the stop. The second trooper found an open container of beer in the forklift sitting next to the driver's seat. When the trooper who had stopped Appellant asked him about the beer, Appellant said that it was his second beer. After Appellant performed poorly on two of three field sobriety tests and registered a .18% blood alcohol concentration on a portable breath test, the trooper placed him under arrest for driving while under the influence in violation of Wyo. Stat. Ann. § 31–5–233(b). Appellant was subsequently transported to the Carbon County Detention Center, where he consented to a second breath test after the trooper read the implied consent advisement pursuant to Wyo. Stat. Ann. § 31–6–102(a)(ii). The second breath test, which was administered using an Intoximeter EC/IR, showed that Appellant had a .135% blood alcohol concentration.

[¶ 5] Based on the results of the breath test, the Department of Transportation sent Appellant notice of its intent to suspend his driver's license pursuant to Wyo. Stat. Ann. § 31–6–102(e). Appellant requested a contested case hearing before the Office of Administrative Hearings (OAH), but he subsequently waived his right to present oral argument and instead submitted written argument to the hearing examiner. Appellant argued that the trooper did not have probable cause to justify the traffic stop because no statute or regulation required him to display a slow moving vehicle emblem on the forklift. He also argued that the field sobriety tests were not properly administered and should not be considered in determining whether the trooper had probable cause for the arrest. The hearing examiner subsequently issued an order upholding the suspension of Appellant's driver's license, concluding that the stop was justified based upon a violation of Wyo. Stat. Ann. § 31–5–921(d) and that the field sobriety tests were properly administered. Appellant filed a petition for review in district court. The district court af-

firmed the OAH's order and this appeal followed.

## STANDARD OF REVIEW

 [¶ 6] We review an administrative agency's decision in accordance with the Wyoming Administrative Procedure Act, which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c); *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 9, 188 P.3d 554, 557–58 (Wyo.2008). We apply the substantial evidence standard of review to the hearing examiner's factual findings concerning whether the trooper had probable cause to initiate the traffic stop, but review the constitutionality of the particular seizure *de novo*. *Batten v. Wyo. DOT Drivers' License Div.*, 2007 WY 173, ¶ 16, 170 P.3d 1236, 1242 (Wyo.2007). This case requires interpretation of the statute relating to the display of emblems on slow moving vehicles. Statutory interpretation is a question of law and is reviewed *de novo*. *Sinclair Oil Corp. v. Wyo. Dep't of Revenue*, 2010 WY 122, ¶ 7, 238 P.3d 568, 570 (Wyo.2010).

## DISCUSSION

 [¶ 7] Appellant asserts the only issue in this case is "whether or not the officer could legitimately stop Mr. Harvey for allegedly failing to have a slow moving vehicle

emblem on his 'forklift.'"[2] Appellant does not dispute that he failed to display a slow moving vehicle emblem on the forklift while operating it on the highway. Rather, he argues that the failure to display such an emblem was not a violation of Wyo. Stat. Ann. § 31–5–921(d) and, accordingly, did not provide the trooper with probable cause to initiate the traffic stop.

[¶ 8] The Fourth Amendment to the United States Constitution and Article 1, § 4 of the Wyoming Constitution protect persons from unreasonable searches and seizures. Appellant does not indicate whether his argument is based on the protections of the Fourth Amendment to the U.S. Constitution or Article 1, § 4 of the Wyoming Constitution. In *Vasquez v. State,* 990 P.2d 476 (Wyo.1999), we noted that "a litigant must provide a precise, analytically sound approach when advancing an argument to independently interpret the state constitution." *Id.* at 484 (citing *Dworkin v. L.F.P., Inc.,* 839 P.2d 903, 909 (Wyo.1992); *Saldana v. State,* 846 P.2d 604, 621–24 (Wyo.1993) (Golden, J., concurring)). Appellant does not argue that Article 1, § 4 provides greater protection than the Fourth Amendment under the circumstances of this case. Accordingly, we do not conduct a separate analysis under Article 1, § 4.

[¶ 9] A routine traffic stop constitutes a seizure within the meaning of the Fourth Amendment "even though the purpose of the stop is limited and the resulting detention quite brief." *Damato v. State,* 2003 WY 13, ¶ 9, 64 P.3d 700, 704 (Wyo.2003). The reasonableness of a traffic stop is analyzed under the two-part test established in *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). That test asks (1) whether the initial stop was justified, and (2) whether the officer's actions during the detention were "reasonably related in scope to the circumstances that justified the interference in the first instance." *Damato,* ¶ 9, 64 P.3d at 705. A decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Fertig v. State,* 2006 WY 148, ¶ 27, 146 P.3d 492, 501 (Wyo.2006); *see also Whren v. United States,* 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

[¶ 10] As indicated in the trooper's incident report and in the written warning issued to Appellant, the trooper stopped Appellant for failing to display a slow moving vehicle emblem on his forklift, believing that was a violation of Wyo. Stat. Ann. § 31–5–921(d). That statute provides as follows:

§ 31–5–921. **Farm and other vehicles and equipment; slow moving vehicle emblems.**

. . .

(d) Every farm tractor and every self-propelled unit of farm equipment or implement of husbandry and special mobile equipment designed for operation at speeds not in excess of twenty-five (25) miles per hour shall at all times be equipped with a slow moving vehicle emblem mounted on the rear except as provided in subsection (e) of this section.

Appellant contends that application of this statute was improper because he was not operating a farm vehicle as contemplated by the statute and because a forklift is not "special mobile equipment designed for operation at speeds not in excess of twenty-five (25) miles per hour." We disagree.

[¶ 11] The issue raised is one of statutory interpretation. We apply our usual rules relating to statutory interpretation:

Statutory interpretation is a question of law. Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute. Initially, we determine whether the statute is clear or ambiguous.

A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Con-

2. Although Appellant's issue statement appears to raise an issue as to whether the hearing examiner's decision was supported by substantial evidence, he provides no argument that the factual findings were unsupported. To the contrary, Appellant states that "[t]he facts supporting [Appellant's] claim for relief come directly from the district court's Decision Letter and are not disputed."

versely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

*Parks v. State,* 2011 WY 19, ¶ 11, 247 P.3d 857, 859 (Wyo.2011) (quoting *Sorensen v. State Farm Auto. Ins. Co.,* 2010 WY 101, ¶ 13, 234 P.3d 1233, 1237 (Wyo.2010)).

[¶ 12] We find the phrase "special mobile equipment designed for operation at speeds not in excess of twenty-five (25) miles per hour," unambiguously includes forklifts. Although the Legislature did not define the term "special mobile equipment," the plain and ordinary meaning of the words used indicates that a forklift is included under Wyo. Stat. Ann. § 31–5–921(d). First, it is clear that a forklift is "mobile equipment" as contemplated by the statute and it is unnecessary to resort to dictionary definitions of those terms. Second, the word "special," in the sense in which it is used to describe "special mobile equipment," is defined as "distinguished by some unusual quality," or "designed or selected for a particular purpose, occasion, or other end." *Webster's Third New International Dictionary* 2186 (3d ed. 2002). Looking to the definition of a forklift, which is "a machine for hoisting heavy objects ... by means of a row of steel fingers," we find that a forklift falls squarely within the broad connotations associated with the phrase " 'special' mobile equipment." *Id.* at 892. Turning next to the second part of the phrase used in the statute, we have no difficulty determining that a forklift is "designed for operation at speeds not in excess of twenty-five (25) miles per hour." Appellant has presented no evidence relating to the speed of the particular forklift he was driving or forklifts in general. Despite the fact that a forklift may be capable of speeds greater than 25 miles per hour, however, the principal virtue for which a forklift is designed is lifting capacity, not speed, and we can safely conclude that a forklift is not designed to transport heavy objects at speeds greater than 25 miles per hour. In sum, we find that reasonable persons can agree with consistency and predictability that a forklift is "special mobile equipment designed for operation at speeds not in excess of twenty-five (25) miles per hour" under Wyo. Stat. Ann. § 31–5–921(d).

[¶ 13] In addition, as the district court noted, the term "special mobile equipment" is widely used and generally defined in other states to mean "a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway." *Arias v. Geisinger,* 126 Conn.App. 860, 871 n. 7 (2011) (emphasis omitted) (discussing Connecticut definition); *Boyd v. State,* 210 P.3d 1229, 1231 n. 3 (Alaska Ct.App.2009) (discussing Alaska definition); *Harris v. State,* 286 Ga. 245, 686 S.E.2d 777, 780 (2009) (discussing Georgia definition); *People v. Metamora Water Serv., Inc.,* 276 Mich.App. 376, 741 N.W.2d 61, 67 (2007) (discussing Michigan definition); *S. Farm Bureau Cas. Ins. Co. v. Spears,* 360 Ark. 200, 200 S.W.3d 436, 439–40 (2004) (discussing Arkansas definition); *Harding v. Allen–Laux, Inc.,* 559 So.2d 107, 108 (Fla.Dist.Ct.App.1990) (assuming that a forklift is "special mobile equipment" under the Florida definition). A forklift would also be included under this broad definition of "special mobile equipment" because a forklift is not designed to transport materials on a highway.

[¶ 14] Finally, Appellant argues that Wyo. Stat. Ann. § 31–5–921(d) should be interpreted in light of Section 921(h), which provides that "[t]he emblem required in subsections (d) and (e) of this section shall comply with current standards and specifications of the American Society of Agricultural Engineers." Appellant does not cite to or provide any part of the Agricultural Engineers standards in his brief. He claims, however, that there is nothing in the Agricultural Engineers standards which indicates that forklifts are covered by those standards. Regardless of whether forklifts are mentioned in the Agricultural Engineers standards, Appellant's argument misses the mark. Whether a slow moving vehicle emblem is in compliance with the standards and specifications of the American Society of Agricultural Engineers has no bearing on the issue of whether forklifts are governed by Section 921(d). If Appellant's argument is that Wyo. Stat. Ann.

§ 31–5–921(d) governs only agricultural equipment, this proposition is refuted by the plain language of the statute. The statute does not confine its application only to agricultural equipment, as indicated by the fact that the statute is titled "Farm *and other* vehicles and equipment," and the fact that Section 921(d) expressly applies to "farm equipment or implement[s] of husbandry *and* special mobile equipment." In other words, the fact that the Agricultural Engineers standards may not provide particular specifications relating to the display of a slow moving vehicle emblem on a forklift does not warrant the conclusion that forklifts are excluded from Wyo. Stat. Ann. § 31–5–921(d).

[¶ 15] We conclude the trooper had probable cause to believe that a traffic violation occurred based on Appellant's failure to display a slow moving vehicle emblem on the forklift. Affirmed.