# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 91

### APRIL TERM, A.D. 2013

### July 24, 2013

STATE OF WYOMING ex rel., DEPARTMENT OF FAMILY SERVICES,

Appellant
(Respondent),

v.

No. S-12-0256

LISA KISLING,

Appellee
(Petitioner).

*Appeal from the District Court of Fremont County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*

    *Gregory A. Phillips, Attorney General; Robin Sessions Cooley, Deputy Attorney General. Argument by Ms. Cooley.*

*Representing Appellees:*

    *John M. Burman, Director, Ethan Doak and Matthew Pennell, Student Interns, University of Wyoming, College of Law Legal Services Program. Argument by Mr. Doak.*

*Before KITE, C.J., and HILL, BURKE, and DAVIS, JJ., and SANDERSON, D.J.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]   Appellant, the Department of Family Services (Department), denied child care assistance benefits to Appellee, Lisa Kisling, because her participation in a graduate-level educational program rendered her ineligible for receipt of such benefits.  The Office of Administrative Hearings (OAH) upheld the denial of benefits after a contested case hearing.  Ms. Kisling petitioned for review of that decision in the district court, and the district court reversed the OAH's decision after finding that the Department was equitably estopped from denying benefits to Ms. Kisling.  The Department appeals from the district court's order, contending that the issue of estoppel was not raised before the OAH, and that the district court should not have considered it.   We agree, and accordingly, we will reverse the district court's order.

## ISSUES

[¶2]   The Department presents three issues for our review, which we discuss in the following order:

> I.  Did the Department correctly conclude, as a matter of law, that its statutes and rules precluded Ms. Kisling from receiving child care assistance benefits while she attended law school?
>
> II.  Did the district court err when it considered the issue of equitable estoppel on review of the Department's decision?
>
> III. Did the district court err when it determined that the Department was equitably estopped from terminating, and thereafter denying, Ms. Kisling benefits while she attended law school?

Ms. Kisling states the issues in a substantially similar manner.

## FACTS

[¶3]   The facts in this case are not in dispute.  In July, 2007, Ms. Kisling and her husband, Scott, became foster parents for two children with special needs, K.S. and H.S. From 2007 to 2009, K.S. and H.S. lived with the Kislings in Lander, Wyoming. Ms. Kisling applied for, and received, child care assistance benefits from the Department. In 2009, the Kislings considered becoming guardians for K.S. and H.S.   While considering this prospect, Ms. Kisling contacted the Department and was advised that her child care benefits would not be affected by her change in status from foster parent to

1

legal guardian. In October, 2009, the Kislings became guardians for K.S. and H.S.

[¶4]   Before and during the period in which the Kislings served as foster parents for K.S. and H.S., Ms. Kisling had been planning to attend law school. She applied to the University of Wyoming and, after being accepted, moved from Lander to Laramie with the children. She began her first year at the law school in August, 2009. She continued to apply for, and receive, child care benefits.[1]  Each time she applied for benefits, Ms. Kisling advised the Department that she was enrolled in law school.

[¶5]   In the summer after her second year, Ms. Kisling returned to Lander to participate in an unpaid externship. She requested a change in child care provider. On June 20, 2011, after being alerted to Ms. Kisling's participation in the externship, a Benefits and Eligibility Specialist with the Department sent an email to a Department Administrator questioning whether Ms. Kisling was eligible for child care benefits during her enrollment in graduate-level courses or during her unpaid externship. The Administrator responded that Ms. Kisling was not eligible for benefits. Accordingly, on June 22, the Department sent Ms. Kisling notification that her child care benefits had been terminated effective June 1, 2011, because her "participation in a graduate program in college is not a qualifying work/study program for child care assistance."

[¶6]   The Kislings requested an administrative hearing to contest the termination of her child care benefits. Ms. Kisling submitted a Pre-Hearing Statement to the OAH, in which she asserted that the Department's regulations were "not in accordance with Wyoming law."  She also asserted that the termination of her child care benefits "violates the Department's prior representation to Petitioner Lisa Kisling that Child Care benefits would be afforded to Petitioners upon their consent to a Subsidized Guardianship of two neglected minors" and that "the Department knew or had reason to know that Lisa Kisling was enrolled in law school at the time the Subsidized Guardianship was established, yet nonetheless informed her that she would continue to receive Child Care Assistance." Ms. Kisling further asserted that "Petitioners did in fact continue to receive Child Care Assistance during Lisa Kisling's first two years of law school and relied on such payments in good faith, without any misrepresentation of Lisa Kisling's educational pursuits."  After a hearing, the OAH upheld the Department's termination of benefits.[2] On October 19, 2011, the OAH issued proposed findings of fact and conclusions of law, which stated that

---

[1] Ms. Kisling apparently applied for child care benefits in her name only. The Department's regulations, set forth below, suggest that this fact is not relevant to the issues in this appeal. In order to receive benefits, both parents must be engaged in an "approved activity," as defined by Department regulations.

[2] Despite the existence of an audio recording of the proceedings before the OAH, a transcript of the proceedings could not be prepared due to the poor quality of the recording.

The Department's rules and Wyoming law provide a person can only receive child care benefits if the person is in an approved activity. An approved activity includes work or an educational program. However, an educational program beyond a BA/BS degree is not an approved activity. The Department properly determined Kisling was attending law school, a graduate program, while receiving child care benefits and termination of child care benefits was proper.

On November 3, 2011, after receiving no objections to the proposed order from either party, the OAH issued a final order incorporating the proposed findings of fact and conclusions of law.

[¶7]   Ms. Kisling subsequently filed a petition for review in district court, contending that (1) the Department's termination of benefits was contrary to the plain language of Department regulations and Wyoming statutes, (2) the Department's findings were contrary to the Wyoming Public Assistance and Social Services Act, and (3) the Department was equitably estopped from denying her child care benefits. The district court agreed that the Department was equitably estopped from terminating Ms. Kisling's child care benefits and, as a result, concluded that "the findings of the hearing officer are not in accordance with the law." The district court did not address Ms. Kisling's remaining claims. The Department timely filed this appeal.

## *STANDARD OF REVIEW*

[¶8]   When we consider an appeal from a district court's review of an administrative agency's decision, we review the case as though it had come directly from the administrative agency. *Guier v. Teton County Hosp. Dist.*, 2011 WY 31, ¶ 12, 248 P.3d 623, 629 (Wyo. 2011). The extent of our review is governed by Rule 12.09 of the Wyoming Rules of Appellate Procedure. That rule provides that "Review . . . shall be confined to the record as supplemented pursuant to Rule 12.08 and to the issues set forth in the petition and raised before the agency. Review shall be limited to a determination of the matters specified in Wyo. Stat. 16-3-114(c)." Wyo. Stat. Ann. § 16-3-114(c)(ii) (LexisNexis 2011), part of the Wyoming Administrative Procedure Act, provides that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> > (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

3

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Id.*; *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 9, 188 P.3d 554, 557-58 (Wyo. 2008). We review an agency's conclusions of law *de novo*, and "[w]e will affirm an agency's legal conclusion only if it is in accordance with the law." *DC Production Service v. Wyo. Dep't of Employment*, 2002 WY 142, ¶ 7, 54 P.3d 768, 771 (Wyo. 2002).

## *DISCUSSION*

[¶9]    The Wyoming Public Assistance and Social Services Act, codified at Wyo. Stat. Ann. § 42-2-101 *et seq.*, grants the Department of Family Services the authority to adopt and administer social services programs, including the purchase of child care services, and to promulgate rules and regulations governing the administration of those services. Wyo. Stat. Ann. § 42-2-103 states:

(a) The department shall provide and administer programs for public assistance and social services in Wyoming to those individuals lacking sufficient income or resources to provide themselves or their families with a reasonable subsistence compatible with decency and health or with services necessary for their well-being.

(b) In carrying out subsection (a) of this section and except as provided under the Wyoming Medical Assistance and Services Act [§§ 42-4-101 through 42-4-120], the department shall:

. . .

(iv) Supervise the expenditure of state funds and federal funds allocated to the state for purposes of providing public assistance and social services in such

4

a manner as to ensure that, to the extent funds are available, funds may be used in separate state-funded programs to:

. . .

(C) Allow an individual receiving assistance to attend school as provided by W.S. 42-2-109(a) provided the individual:

. . .

(III) Qualifies as a full-time student under W.S. 42-2-109(a)(ii)(A) and (C).

In the same section, the Act provides that the Department shall "Limit approved educational programs under paragraph (iv) of this subsection to educational courses not to exceed the baccalaureate level, or to one (1) vocational training program[.]" Wyo. Stat. Ann. § 42-2-103(b)(viii). Section 42-2-109(a), in turn, provides that

Public assistance and social services provided under this article shall be reviewed at least once each year, except for recipients enrolled in an approved educational program which shall be reviewed once every six (6) months. An approved educational program under this section shall be limited to educational courses not to exceed the baccalaureate degree level.

An "approved educational program" is defined in the Act as

[A]ny program at the University of Wyoming or a Wyoming community college leading to a baccalaureate, associate degree, or certificate at the school or a vocational program approved by the department, or other accredited educational program within Wyoming leading to a baccalaureate, associate degree or nationally recognized certification or license.

Wyo. Stat. Ann. § 42-2-102(a)(ix).

[¶10] Pursuant to the authority granted by the Wyoming Public Assistance and Social Services Act, the Department has enacted regulations governing the purchase of child care services. Those regulations provide that child care assistance is available only to

5

caretakers engaged in specified "approved activities":

> (C) Child care assistance shall be available only when the child(ren)'s parent(s)/caretaker(s) participates in at least one (1) of the following approved activities outside the home:
>
>> (I)  Employment;
>>
>> (II)  Employment Training program;
>>
>> *(III)  Educational program;*
>>
>> (IV)  POWER work requirement; or
>>
>> (V)  SNAP E & T activity.
>
> (D) Child care assistance shall be available for a child(ren) in a two (2) parent/caretaker assistance unit when both parents/caretakers are participating in an approved activity during the same hours.
>
> . . .
>
> (H) Child care assistance is available for a child(ren) whose parent(s)/caretaker(s) is attending an approved educational program, including college undergraduate study when:
>
>> (I) The parent(s)/caretaker(s) is making satisfactory progress;
>>
>> *(II) The educational program does not exceed the first associate or baccalaureate degree unless the associate degree was received while the parent(s)/caretaker(s) was pursuing a baccalaureate as the original employment goal.*

Department of Family Services, Child Care, Purchase of Service Regulations, ch. 1, § 8 (emphasis added). As defined in the regulations, an "approved activity" includes

> (ii) An educational program which includes:
>
>> (A)  High school or GED; or

*(B) A postsecondary educational program which does not exceed the first associate or baccalaureate degree unless the associate degree was received while the parent(s)/caretaker(s) was pursuing a baccalaureate degree as the original educational goal.*

*Id.*, ch. 1, § 4 (emphasis added). Additionally, consistent with the definition of an "approved educational program" contained in Wyo. Stat. Ann. § 42-2-102(a)(ix), the regulations define an "educational program" as "a postsecondary course of study, not exceeding the first associate or baccalaureate degree (unless the associate degree was received while the parent(s)/caretaker(s) was pursuing a baccalaureate degree as the original educational goal)." *Id.*, ch. 1, § 4.

[¶11] The Wyoming Public Assistance and Social Services Act, as well as the Department's regulations, clearly indicate that a student enrolled in a graduate-level educational program is not eligible, on that basis, for receipt of child care assistance benefits. Ms. Kisling does not contest that conclusion in this appeal. Accordingly, because Ms. Kisling was enrolled in a graduate-level educational program, we find no error in the OAH's decision upholding the Department's denial of child care assistance benefits.

[¶12] We turn, then, to the Department's claim that the district court erred in determining that it was equitably estopped from denying child care benefits to Ms. Kisling as a consequence of its erroneous approval of benefits during Ms. Kisling's first two years in law school. As presented in Ms. Kisling's brief in district court, her estoppel claim was based on the allegation that "the Department misled Petitioner regarding her eligibility for child care assistance." Specifically, Ms. Kisling asserted that "Department employees informed Petitioner there would be no change to her family's child care assistance – both upon her move to Laramie for law school in August of 2009, and upon the formalization of the guardianship two months later."[3] The Department contends that Ms. Kisling waived this claim because she did not raise it in the administrative proceedings and, consequently, the Department asserts that the district court should not have considered the issue.

---

[3] Although Ms. Kisling, in her brief to this Court, attempts to characterize the Department's representation as an assurance that her benefits would not change upon her enrollment in law school, the evidence contained in the record does not support that characterization. At oral argument, Ms. Kisling's counsel conceded that there is nothing in the record indicating that Ms. Kisling made inquiry with the Department regarding the effect of her enrollment in law school on her eligibility for child care assistance benefits. The parties agree that Ms. Kisling's change in status from foster parent to guardian was not relevant to her eligibility for receipt of child care benefits.

7

[¶13]  Ms. Kisling responds that the Pre-Hearing Statement submitted to the OAH "impliedly reserved" her equitable estoppel claim.  However, she also claims that the Department cannot assert waiver in this appeal because it did not do so in response to her petition for review in district court.  Alternatively, Ms. Kisling contends that her estoppel claim could not have been waived because it presented an issue of such fundamental nature that it must have been considered by the district court.  She asserts that the issue of whether she is entitled to child care benefits is "fundamental" because of a "right to familial association."  She clarifies, however, that she "does not assert any constitutional rights in this brief.  Ms. Kisling only invites this Court to extend the fundamental nature exception to a recognized category of issues that this Court considers fundamental in nature."

[¶14]  As noted in our standard of review, W.R.A.P. 12.09(a) limits an appellate court's review of administrative action to "issues set forth in the petition and raised before the agency."  In accordance with this rule, we have consistently held that issues raised for the first time on appeal from an administrative decision will not be considered.

> We recently reiterated that, "With the exception of certain jurisdictional or fundamental issues, we will not consider issues raised for the first time on appeal." *Street v. Street*, 2009 WY 85, ¶ 17, 211 P.3d 495, 501 (Wyo. 2009). We have held that "This rule is equally applicable to appeals from administrative decisions as to those from district courts." *BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 18, 130 P.3d 438, 462 (Wyo. 2006).

*Orchard v. State*, 2011 WY 145, ¶ 19, 262 P.3d 197, 203 (Wyo. 2011); *see also McCulloch Gas Transmission Co. v. Public Serv. Comm'n*, 627 P.2d 173, 180 (Wyo. 1981).  After noting that "It is well established that issues not raised in an administrative action may not be considered for the first time on appeal," we identified the reasons for this rule in *Watkins v. State ex rel. Wyo. Med. Comm'n & Wyo. Workers' Safety & Comp. Div.*, 2011 WY 49, ¶ 22, 250 P.3d 1082, 1089 (Wyo. 2011) (quoting *Wyo. Bancorporation v. Bonham*, 527 P.2d 432, 439 (Wyo. 1974)):

> We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts.

[¶15]  We are unable to conclude that Ms. Kisling raised the issue of equitable estoppel,

either by implication or otherwise, in the proceedings before the OAH. As we explained in *Knori v. State ex rel. Dep't of Health, Office of Medicaid*, 2005 WY 48, ¶ 11, 109 P.3d 905, 909 (Wyo. 2005), a claim of equitable estoppel asserted against a governmental entity requires a showing of (1) authorized affirmative misconduct; (2) reliance; (3) substantial prejudice; (4) rare and unusual circumstances; and (5) a situation that will not defeat public policy. We noted that a claim of equitable estoppel against a governmental agency requires a heightened burden of proof:

> With respect to governmental agencies functioning in their governmental capacities, the standard for equitable estoppel is higher, requiring "even more egregious conduct." [*Department of Family Services v.*] *Peterson*, 957 P.2d [1307, 1311 (Wyo. 1998)]. Namely, for equitable estoppel to operate against the government, the movant must demonstrate that the inducement was made by "authorized affirmative misconduct." In addition to the "authorized affirmative misconduct" requirement, equitable estoppel is applied against the government only in rare and unusual circumstances, where its application would not serve to defeat public policy. *See Big Piney Oil & Gas Company v. Wyoming Oil and Gas Conservation Commission*, 715 P.2d 557, 560 (Wyo. 1986).
>
> . . .
>
> The reason for the higher standard for equitable estoppel as to the government is premised on the notion that:
>
>> When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant.
>
> *Heckler v. Community Health Services*, 467 U.S. 51, 60, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).

*Id.*, ¶¶ 11-12, 109 P.3d at 909 (footnote omitted).

[¶16] Although Ms. Kisling's Pre-Hearing Statement alleged that the Department represented that her benefits would not change based on her consent to a guardianship,

there is no allegation that the alleged assurances constituted "authorized affirmative misconduct," as necessary to a claim of equitable estoppel asserted against a governmental agency. Likewise, there is no discussion of facts supporting the remaining elements of estoppel or any analysis directing attention to the issue. Further, the OAH's findings of fact and conclusions of law make no reference to a claim of estoppel. Notably, although Ms. Kisling had the opportunity to object to the proposed findings of fact and conclusions of law before the issuance of the OAH's final order, she made no objection calling attention to a claim of equitable estoppel. We have previously indicated that, in order to preserve an issue for appeal, the issue must be clearly presented to the trial court:

> Father's position is that an issue may be raised by implication from the pleadings, or that the mere mentioning of an issue is sufficient to preserve it for appeal. This notion runs contrary to both the purpose of the rule and our established jurisprudence. We have held that we will not consider issues that were not "raised below in any meaningful manner." *Beaugureau v. State*, 2002 WY 160, ¶ 11, 56 P.3d 626, 631 (Wyo. 2002). . . . "It is a basic premise of appellate practice that to preserve an issue for appeal, that issue must be called to the attention of the trial court in a clear manner." *Elder v. Jones*, 608 P.2d 654, 660 (Wyo. 1980).

*Yates v. Yates*, 2003 WY 161, ¶ 15, 81 P.3d 184, 189 (Wyo. 2003) (emphasis omitted). We find nothing in the record to indicate that Ms. Kisling raised the issue of equitable estoppel before the OAH in a clear or meaningful manner.

[¶17] Additionally, Ms. Kisling has presented no authority suggesting that the rule barring consideration of issues raised for the first time on appeal or its rationale is contingent upon whether or when waiver is asserted by the opposing party. Indeed, our precedent indicates our willingness to apply the doctrine of waiver regardless of whether the issue is raised by the opposing party. *See, e.g., Orchard*, ¶ 19, 262 P.3d at 203; *Belden v. Lampert*, 2011 WY 83, ¶ 11, 251 P.3d 325, 328-29 (Wyo. 2011); *Watkins*, ¶ 22, 250 P.3d at 1089. Finally, we are not persuaded that Ms. Kisling's claim for child care assistance benefits presents a "fundamental issue" precluding waiver. She has presented no authority suggesting that her right to familial association was impinged by the denial of child care benefits. Accordingly, under W.R.A.P. 12.09(a) and well-established precedent, we conclude that the district court erred in considering Ms. Kisling's estoppel claim because that issue was not raised in the proceedings before the OAH. Because this issue is dispositive, we do not address the Department's claim that the district court erred in determining that the Department was equitably estopped from denying child care benefits to Ms. Kisling.

[¶18] The district court's order reversing the OAH's decision upholding the Department's denial of benefits is reversed, and we remand to the district court with instructions that an order be entered affirming the OAH's decision.

11