# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 90

APRIL TERM, A.D. 2020

July 13, 2020

JESSE GERBER,

Appellant
(Petitioner),

v.

STATE OF WYOMING, ex rel.,
DEPARTMENT OF WORKFORCE
SERVICES, UNEMPLOYMENT
INSURANCE COMMISSION,

Appellee
(Respondent).

S-19-0225

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Bernard Q. Phelan, Phelan Law Office, Cheyenne, Wyoming.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Michael J. McGrady, Deputy Attorney General; James C. Demers, Senior Assistant Attorney General; Peter Howard, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Jesse Gerber appeals the denial of his request for unemployment benefits.  The Department of Workforce Services, Unemployment Insurance Commission (Commission) determined he left work voluntarily and did not qualify for the exception return "to approved training which meets the requirements of W.S. 27-3-307," as required by Wyo. Stat. Ann. § 27-3-311(a)(i)(B).  He claims the Commission erred as a matter of law.  We affirm.

## *ISSUE*

[¶2]    Does the Commission's decision denying Mr. Gerber unemployment benefits conform with the law?

## *FACTS*

[¶3]    In 2014, Mr. Gerber completed a four-week certified nursing assistant program at Laramie County Community College (LCCC).  The Wyoming Department of Workforce Services paid for the program.  Wyo. Stat. Ann. § 9-2-2601; Workforce Innovation and Opportunity Act, Pub. L. No. 113–128, 128 Stat. 1425 (2014); 29 U.S.C.A. § 3112 (West 2016).  In August 2016, the Department of Veterans Affairs, d/b/a Cheyenne VA Medical Center (VA), hired Mr. Gerber as a health technician.  Later, in April 2018, he was accepted into LCCC's nursing program.  In May, he asked his employer to arrange alternate hours or a new position to support his school schedule.  The VA could not accommodate this request.  Mr. Gerber resigned and submitted a claim for unemployment benefits.

[¶4]    The Department of Workforce Services, Unemployment Insurance Division (Division) denied his claim because he had "left work voluntarily without good cause attributable to [his] employment."  Mr. Gerber asked for a contested case hearing, claiming he was eligible for benefits under the "returning to approved training" exception in Wyo. Stat. Ann. § 27-3-311(a)(i)(B).  The hearing examiner affirmed the Division's decision, finding he had voluntarily left his employment and did not qualify for the exception.  Mr. Gerber appealed, and the Commission affirmed.  The district court upheld the Commission's decision.  Mr. Gerber timely appealed to this Court.

## *STANDARD OF REVIEW*

[¶5]    "In unemployment insurance cases, we review the decision of the Commission without considering the decisions of the deputy, the hearing officer or the district court." *Clark v. State ex rel., Dep't of Workforce Servs.*, 2016 WY 89, ¶ 8, 378 P.3d 310, 312 (Wyo. 2016); *see also State v. Kinneman*, 2016 WY 79, ¶ 11, 377 P.3d 776, 779 (Wyo. 2016).  Our review is governed by Wyo. Stat. Ann. § 16-3-114(c):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

.    .    .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law . . . .

Wyo. Stat. Ann. § 16-3-114(c)(ii)(A) (LexisNexis 2019).

[¶6] While we would normally review the Commission's findings of fact under the substantial evidence standard, the facts here are not contested. In this case, we are required to interpret the applicable statutes. Statutory interpretation is a matter of law subject to de novo review. *In re CRA*, 2016 WY 24, ¶ 15, 368 P.3d 294, 298 (Wyo. 2016).

## *ANALYSIS*

[¶7] Mr. Gerber contends the Commission misinterpreted the statutory exception to the general rule that a voluntary termination of one's employment disqualifies a claimant for benefits. The primary goal of statutory interpretation "is to determine the legislature's intent, giving due regard to the purpose and policy behind the enactment." *Clark*, ¶ 13, 378 P.3d at 314; *Kunkle v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2005 WY 49, ¶ 11, 109 P.3d 887, 889–90 (Wyo. 2005). "The language of the statute is always our starting point." *Clark*, ¶ 14, 378 P.3d at 314.

We . . . construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full

2

knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence. When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 20, 452 P.3d 1276, 1282 (Wyo. 2019) (citations omitted).

[¶8]   Mr. Gerber maintains the Commission misapplied the phrase "returning to approved training" in Wyo. Stat. Ann. § 27-3-311(a)(i)(B).  This provision states in relevant part:

> (a)   An individual shall be disqualified from benefit entitlement beginning with the effective date of an otherwise valid claim . . . if the department finds that he:
>
> .    .    .
>
> > (i)    Left his most recent work voluntarily without good cause attributable directly to his employment, except:
> >
> > .    .    .
> >
> > > (B) If returning to approved training[1] which meets the requirements of W.S. 27-3-307;
> >
> > .    .    .
> >
> > (ii)  Failed without good cause to apply for available suitable work;
> >
> > (iii) Failed without good cause to accept any offer of suitable work;

Wyo. Stat. Ann. § 27-3-311(a)(i)–(iii) (LexisNexis 2019).  Mr. Gerber acknowledges that he voluntarily quit his job but argues, because the nursing program is on the list of the Division's approved training programs, he left his employment for the purpose of

---

[1] The Commission does not contest that the LCCC nursing program may be an approved training program.  It is uncontested that Mr. Gerber did not seek approval from the Division prior to enrolling in the nursing program.

"returning to" approved training.[2] We look to Wyo. Stat. Ann. § 27-3-307 to determine if Mr. Gerber's enrollment in a nursing program meets these requirements.

**Wyo. Stat. Ann. § 27-3-307—Exceptions to Unemployment Eligibility Requirements**

[¶9]  Each subsection of Wyo. Stat. Ann. § 27-3-307 begins by identifying the specific subsections in § 27-3-311 for which compliance is excused:

> (a)  **Notwithstanding** W.S. 27-3-306(a)(i) and (iii)[3] or **27-3-311(a)(ii) and (iii)** or any federal law relating to availability for, active search for, failure to apply for or refusal to accept suitable work, an otherwise eligible individual is eligible for benefits for any week if he is:
>
> > (i)  Enrolled in a training program approved by the department pursuant to subsection (b) of this section;[4] or
> >
> > (ii)  In training approved under federal law.
>
> .   .   .

---

[2] On appeal, Mr. Gerber abandons his argument below that he left work involuntarily due to the VA's inability to accommodate his work schedule.

[3] Wyo. Stat. Ann. § 27-3-306(a)(i) and (iii) contain requirements that a claimant actively seek work and remain able to and available for work.

[4] Subsection (b) provides:

> (b)  Standards for training program approval under subsection (a) of this section are:
> (i)  Licensed or accredited by the appropriate agency;
> (ii)  Preparation for job skills for occupations with good employment opportunities;
> (iii)  Individual interest, aptitude and motivation determined necessary by the department to complete the course successfully;
> (iv)  Regular class attendance, satisfactory progress in course work and individual compliance with other training requirements of the institution;
> (v)  Training is to prepare an individual for entry level or upgraded employment in a recognized skilled vocational or technical occupation and such training is designed to facilitate the learning of particular skills; and
> (vi)  Current skills of the individual are obsolete or offer minimal employment opportunities.

Wyo. Stat. Ann. § 27-3-307(b)(i)–(vi) (LexisNexis 2019).

(c) **Notwithstanding W.S. 27-3-311(a)(i)**, an otherwise eligible individual is eligible for benefits in any week if he:

> (i)   Is in training approved under federal law; or

> (ii)  Left work to enter approved training if the work is not suitable, as defined under federal law.

(d) **Notwithstanding** W.S. 27-3-306(a)(i) and (iii) or **27-3-311(a)(i) through (iii)** or any federal law relating to availability for, active search for, failure to apply for or refusal to accept suitable work, an otherwise eligible individual is eligible for benefits for any week if he is not receiving wages or compensation while participating in training in an apprenticeship program approved by the department . . . .

Wyo. Stat. Ann. § 27-3-307(a), (c)–(d) (LexisNexis 2019) (emphasis added).

[¶10] Mr. Gerber relies on Wyo. Stat. Ann. § 27-3-307(a)(i). This subsection of the statute conditionally excuses compliance with § 27-3-311(a)(ii) and (iii). Subsections (a)(ii) and (iii) require a claimant to seek work and remain available to work and are not at issue here. What Mr. Gerber seeks is an exception from the disqualifying act of leaving work "voluntarily without good cause attributable directly to his employment" under Wyo. Stat. Ann. § 27-3-311(a)(i). Relevant exceptions to subsection (a)(i) are addressed in § 27-3-307(c) and (d).

[¶11] "Parties are bound by the theories they advanced below." *Crofts v. State ex rel. Dep't of Game & Fish*, 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016) (citation omitted). "We have repeatedly held that in an appeal from an administrative ruling, we will not consider arguments not raised below."[5] *Air Methods/Rocky Mountain Holdings, LLC v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2018 WY 128, ¶¶ 21–22, 432 P.3d 476, 482–83 (Wyo. 2018). In this case, Mr. Gerber did not raise the application of Wyo. Stat. Ann. § 27-3-307(c) or (d) to the Commission or to this Court. Therefore, the Commission did not abuse its discretion in finding Mr. Gerber did not qualify for unemployment benefits under § 27-3-307(a)(i).

---

[5] W.R.A.P. 12.09(a) limits an appellate court's review of administrative action to "issues set forth in the petition and raised before the agency." Accordingly, we have routinely held that, with the exception of jurisdictional or certain fundamental issues, issues raised for the first time on appeal from an administrative decision will not be considered. *State ex rel., Dep't of Family Servs. v. Kisling*, 2013 WY 91, ¶ 14, 305 P.3d 1157, 1162 (Wyo. 2013); *BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 18, 130 P.3d 438, 462 (Wyo. 2006).

[¶12] Even if he had raised the correct statutory authority, Mr. Gerber would not be eligible for unemployment benefits under the applicable exception, Wyo. Stat. Ann. § 27-3-307(c).[6]

[¶13] Wyo. Stat. Ann. § 27-3-307(c) mandates that the claimant be (i) "in training approved under federal law" or (ii) that the claimant "[l]eft work to enter approved training if the work is not suitable, as defined under federal law." Turning our attention to § 27-3-307(c)(i), multiple training programs are available under federal law.[7] Mr. Gerber claims, and we agree, if he is eligible for unemployment benefits due to approved federal training, his eligibility derives from Wyoming's implementation of the Workforce Innovation and Opportunity Act (WIOA), 29 U.S.C.A. §§ 3101–3255 (West 2015).[8]

[¶14] The Division has approved WIOA training for eligible participants in the nursing program. However, eligibility for approval under the WIOA unambiguously requires certain actions.

[¶15] Eligibility for WIOA approved training requires:

> Except as provided in clause (ii), funds allocated to a local area for adults under paragraph (2)(A) or (3), as appropriate, of section 3173(b) of this title, and funds allocated to the local area for dislocated workers under section 3173(b)(2)(B) of this title, shall be used to provide training services to adults and dislocated workers, respectively—
>
> > (I) who, **after an interview, evaluation, or assessment, and career planning, have been**

---

[6] Wyo. Stat. Ann. § 27-3-307(d) is specific to apprenticeship programs which are not at issue in this case.

[7] "According to the Office of Management and Budget, the Federal Government has 47 different employment and training programs spread across 15 different government agencies." The Council of Economic Advisers, *Government Employment and Training Programs: Assessing the Evidence on their Performance*, Executive Summary (June 2019), https://www.whitehouse.gov/wp-content/uploads/2019/06/Government-Employment-and-Training-Programs.pdf.

[8] Mr. Gerber does not argue his claim is based on training approved under any other federal law. In *Harvey*, the appellant failed to indicate whether his argument was based on the federal or state constitution. *Harvey v. State, Dep't of Transp.*, 2011 WY 72, ¶ 8, 250 P.3d 167, 171 (Wyo. 2011). We noted: "[A] litigant must provide a precise, analytically sound approach when advancing an argument to independently interpret the state constitution." *Id.* (quoting *Vasquez v. State*, 990 P.2d 476, 484 (Wyo. 1999)). Therefore, we did not conduct a separate analysis under the Wyoming Constitution. Here, Mr. Gerber argued only that his training was approved under WIOA. Accordingly, we consider only the provisions of WIOA under our analysis of Wyo. Stat. Ann. § 27-3-307(c)(i).

**determined by a one-stop operator or one-stop partner**, as appropriate, to--

> (aa) be unlikely or unable to obtain or retain employment, that leads to economic self-sufficiency or wages comparable to or higher than wages from previous employment, through the career services described in paragraph (2)(A)(xii);

> (bb) be in need of training services to obtain or retain employment that leads to economic self-sufficiency or wages comparable to or higher than wages from previous employment; and

> (cc) have the skills and qualifications to successfully participate in the selected program of training services[.]

29 U.S.C.A. § 3174 (West 2019) (emphasis added); *see also* 20 C.F.R. § 680.220 (2016) ("an individual must at a minimum receive either an interview, evaluation, or assessment, and career planning or any other method through which the one-stop center or partner can obtain enough information to make an eligibility determination to be determined eligible for training services").

[¶16] The WIOA requires a determination by a one-stop partner[9] that the training is appropriate prior to qualifying for federally approved training. The record is clear: Mr. Gerber lacked approval prior to his enrollment in the nursing program. Accordingly, Mr. Gerber was not "returning to" "training approved under federal law," as required by the plain language of Wyo. Stat. Ann. §§ 27-3-311(a)(i)(B) and 27-3-307(c)(i). His enrollment in a nursing program absent the required determination does not meet the conditions of the statutory exception.

[¶17] Mr. Gerber also does not qualify under Wyo. Stat. Ann. § 27-3-307(c)(ii)—the claimant "[l]eft work to enter approved training if the work is not suitable, as defined under federal law." WIOA does not provide a definition of "suitable work." The *only* federal definition of "suitable work" is found in the Federal-State Extended Unemployment Compensation Act. This definition states in relevant part, "The term 'suitable work' means, with respect to any individual, any work which is within such individual's capabilities . . . ." 26 U.S.C.A. § 3304 (West 2018), Temporary Extended

---

[9] In Wyoming, the one-stop partner is Wyoming Department of Workforce Services. Wyo. Stat. Ann. § 9-2-2018.

Unemployment Compensation Act of 2002 § 201(h)(4)(A).[10]  Under the plain meaning of this definition, Mr. Gerber's job with the VA was suitable and he does not argue otherwise.  He does not qualify under subsection (ii) conditioning benefits on leaving "work" that was "not suitable."

[¶18]  Applying the plain meaning of Wyo. Stat. Ann. §§ 27-3-311 and 27-3-307, and considering the relevant federal law, we conclude the Commission correctly determined Mr. Gerber was not eligible for employment benefits.  Affirmed.

---

[10] The Trade Act of 1974, 19 U.S.C. § 2291–98 ("Trade Act") was intended, in part, "to provide adequate procedures to safeguard American industry and labor against unfair or injurious import competition, and to assist industries, firm[s], workers, and communities to adjust to changes in international trade flows." 19 U.S.C.A. § 2102 (West 1975).  To that end, it "authorizes the Secretary of Labor to contract with state employment agencies to administer the federal benefits program.  Dislocated workers can apply to DOL through the state agency for reimbursement of their training costs." *Hampe v. Butler*, 364 F.3d 90, 91 (3d Cir. 2004); *see also* 19 U.S.C.A. § 2275 (West 2015).  Mr. Gerber's employment was not adversely affected by "injurious import competition."

The Trade Act contains a definition of "suitable **employment**."  The Trade Act does not define "suitable **work**."  The Trade Act defines "suitable employment" "with respect to a worker, work of a substantially equal or higher skill level than the worker's past *adversely affected* employment, and wages for such work at not less than 80 percent of the worker's average weekly wage." 19 U.S.C.A. § 2296 (West 2015) (emphasis added).  The term "'adversely affected employment' means employment in a firm, if workers of such firm are eligible to apply for adjustment assistance under this part" and "'adversely affected worker' means an individual who, because of lack of work in adversely affected employment, has been totally or partially separated from such employment." 19 U.S.C.A. § 2319 (West 2015).  Thus, even were we to apply this definition of suitable employment, Mr. Gerber did not claim "adversely affected employment" as the basis for a comparison of wages.