2008 WY 59

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Respondent/Objector),**

v.

**Richard A. JOHNSON, Appellee (Petitioner/Claimant).**

No. S–07–0106.

Supreme Court of Wyoming.

June 2, 2008.

Representing Appellant: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General.

Representing Appellee: George Santini of Ross, Ross & Santini, LLC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The Workers' Safety and Compensation Division (the Division) appeals the district court Order Reversing the Decision of the Hearing Officer in a workers' compensation case. The district court reversed an Office of Administrative Hearings (OAH) decision upholding the Division's denial of permanent total disability (PTD) benefits to Appellee Richard Johnson. We affirm the district court's reversal and remand to the district court for remand to the Division for further consideration.

## ISSUE

[¶ 2] Did the hearing officer err when he determined that the Division could take household income attributable to Appellee's wife into account when considering Appellee's petition for permanent disability benefits? [1]

## FACTS

[¶ 3] The facts of this case are not in dispute. Appellee was injured on the job in 1984 and was determined to be permanently and totally disabled in 1993. Appellee applied for extended PTD benefits and received those benefits through August of 2005, when the Division denied his application for extended PTD benefits on the basis that his "combined household income exceeded [his] combined household expenses[.]" The OAH held an evidentiary hearing on June 1, 2006, and upheld the Division's denial in an order

dated July 3, 2006. Appellee petitioned for judicial review and the district court issued an order reversing the OAH decision on April 5, 2007.

## STANDARD OF REVIEW

[¶ 4] We review an agency action directly, without deference to the district court's determination. *Atchison v. Career Servs. Council of Wyo.*, 664 P.2d 18, 20 (Wyo. 1983). We are governed by the same rules of review as the district court. *Id.* W.R.A.P. 12.09(a) limits our consideration to the issues set forth in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2007). The statute states:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitation or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

---

1. Appellee also raises the sub-issue of the constitutionality of the Division's interpretation. However, since we find for the Appellee based on the plain meaning of the statute, we do not reach that question here.

[¶ 5] The parties agree that the only contested issue in this case is the interpretation of Wyo. Stat. Ann. § 27–14–403(g)(i)(C) (Michie 1987 replacement pamphlet), as it existed in 1993. The 1993 statute, the law in effect at the time Appellee was determined to be permanently and totally disabled, is the applicable law in this case. *DeLauter v. State ex rel. Wyo. Workers' Comp. Div.*, 994 P.2d 934, 937 (Wyo.2000). Interpretation of a statute is an issue of law, and our review on such issues is *de novo*. *Chavez v. Mem'l Hosp. of Sweetwater County*, 2006 WY 82, ¶ 6, 138 P.3d 185, 188 (2006).

## DISCUSSION

[¶ 6] The hearing examiner in this case quite clearly considered Appellee's wife's income when he determined Appellee's eligibility for benefits. The examiner stated:

> If [Appellee's wife]'s income is not included, there is no question that [Appellee] would be entitled to the maximum amount of extended PTD benefits. However, case law is quite clear the law in effect at the time a person becomes PTD applies and the law in effect in 1993 required this Office to include all household income. Extended PTD benefits should therefore be denied.

[¶ 7] The law on extended PTD benefits at the time read, in relevant part, as follows:

> (g) Following payment in full of any award, or if a lump sum settlement was made under subsection (f) of this section when the award would have been fully paid but for the lump sum settlement, to an employee for permanent total disability or to a surviving spouse for death of an employee, an additional award may be granted:
>
> (i) In the case of an employee subject to the following requirements and limitations which shall be met:
>
> . . . .
>
> (C) The hearing examiner in determining entitlement under this paragraph shall consider income of the employee from all sources including active or passive income, household

income and any monthly amount from any other governmental agency[.]

Wyo. Stat. Ann. § 27–14–403(g)(i)(C) (Michie 1987 replacement pamphlet).

[¶ 8] At issue in this case is the meaning of section (C) above. The Division contends that "household income" necessarily includes the income of all household members. Appellee responds that the phrase "income of the employee" necessarily restricts the subsequent types of income listed, including household income.

[¶ 9] We agree with the district court that Appellee's interpretation of the statute is correct. The plain language of the statute as well as subsequent legislative action support that conclusion. "In interpreting statutes, our primary consideration is to determine the legislature's intent. . . . We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection." *Sponsel v. Park County*, 2006 WY 6, ¶ 9, 126 P.3d 105, 108 (Wyo.2006). The disagreement here lies in that each party contends that the words "household income" attach to a different phrase in the sentence. Appellee reads the sentence to be a list of all types of "income of the employee" that must be considered, and suggests that "household income" can only refer to household income "of the employee." The Division, on the other hand, would have us read the entire sentence as one list requiring consideration of the "income of the employee from all sources" and "household income" separately.

[¶ 10] We find that Appellee's interpretation better reflects the plain meaning of the sentence. It is instructive to examine what happens to the rest of this sentence if it is not modified by the words "income of the employee." If "income of the employee" does not modify the phrase "any monthly amount from any other governmental agency," the phrase becomes nonsensical. Without the words "income of the employee" we cannot determine to what the "monthly amount" refers, nor can we glean to whom that amount might be directed in order to come into consideration by the hearing exam-

iner. We will not interpret a statute in a way that renders any part of it meaningless or nonsensical. *Jones v. State*, 2006 WY 40, ¶ 12, 132 P.3d 162, 166 (Wyo.2006). The phrase only makes sense if modified by the preceding words of the sentence to read, in essence "any monthly amount [of income of the employee] from any other governmental agency." The words "household income" must also then be modified, which would make sense of that phrase "household income [of the employee]." It was therefore improper for the Division to consider any household income, including spousal, not attributable to the Appellee.

■ [¶ 11] In addition, the legislature has made clear that Appellee's interpretation accurately reflects the intent of the law. In 1998 the legislature amended § 27–14–403(g)(i)(C) to read as follows:

> (C) The division in determining entitlement under this paragraph shall consider the amount of the monthly award made to an injured worker pursuant to W.S. 27–14–403(a)(iv), all earned income of the injured worker, all employment based retirement income of the injured worker, all income derived by the injured worker as a result of the injury, excluding mortgage or any other loan credit insurance, or any supplemental income insurance purchased by or on behalf of the employee and any periodic payments from any other governmental entity to the injured worker. The division shall not consider any other income received by the injured worker or members of the injured worker's household[.]

Wyo. Stat. Ann. § 27–14–403(g)(i)(C) (Michie Supp.1998). This amendment clearly excludes household income that was not "income of the employee" from consideration. The preamble to the session law in which the legislature adopted those changes specified the law's purpose as "clarifying which household income may and may not be used in calculating extended benefits." 1998 Wyo. Sess. Laws, Ch. 117. "While a preamble to a statute is not binding, it is worthy of consideration by the court in discerning the legislature's intention in adopting a statute." *Rawlinson v. Greer*, 2003 WY 28, ¶ 20, 64 P.3d 120, 124 (Wyo.2003). The legislature denoted the change as a clarification of existing law regarding household income under this statute rather than a change in the status quo. The necessary inference is that the income of other household members has always been excluded from consideration.

[¶ 12] The district court also acted properly when it remanded this case to the Division for a new decision, as the law requires further proceedings. Wyo. Stat. Ann. § 27–14–403(g) (Michie 1987 replacement pamphlet) states that the Division "may" grant an award of extended PTD benefits. The word "may" indicates that the Division has discretion in such matters. *Duncan v. Laramie County Cmty. Coll.*, 768 P.2d 593, 594 (Wyo.1989). Since the Division erred as a matter of law when it determined what information to consider, it never properly applied its discretion. We, therefore, correct the Division's error of law and remand this case for a new decision.

## CONCLUSION

[¶ 13] The Division erred when it considered Appellee's wife's income as part of "household income" attributable to an employee under Wyo. Stat. Ann. § 27–14–403(g) (Michie 1987 replacement pamphlet). We affirm the district court's Order Reversing the Decision of the Hearing Officer and remand the matter to the district court for remand to the Division for a decision consistent with this opinion.