DAVIS, Chief Justice.
*479 [¶1] Air Methods/Rocky Mountain Holdings, LLC ("Air Methods"), EagleMed, LLC, and Med-Trans Corp. (collectively "Claimants") operate air ambulance services in Wyoming, and each separately filed claims with the Wyoming Workers' Compensation Division ("Division") for services they provided to injured workers. The Division approved the claims, but it paid only the amounts permitted by its fee schedule, which were significantly less than the amounts billed. Claimants separately appealed the Division's final determinations to the Office of Administrative Hearings ("OAH"), and the claims were consolidated for hearing.
[¶2] Following cross-motions for summary judgment, the OAH entered two orders. In its first order, the OAH granted summary judgment to Claimants and ruled that, in keeping with a federal ruling that the Airline Deregulation Act of 1978 ("ADA") preempted the Division's air ambulance fee schedule, the Division was required to pay the full amount billed by Claimants. In its second order, the OAH denied a motion by Air Methods for pre- and post-judgment interest on its claims. Both the Division and Air Methods appealed the respective adverse rulings, and the district court consolidated the appeals. We accepted certification of the consolidated appeals and now affirm both OAH orders.
ISSUES
[¶3] In challenging the OAH order on summary judgment, the Division presents four issues, which we condense and restate as:
1. Did the United States District Court for the District of Wyoming and the Tenth Circuit Court of Appeals err in ruling that the Division's fee schedule was preempted by the Airline Deregulation Act of 1978 due to a misunderstanding of state law governing reimbursement?
2. Did the OAH err in ruling that the federally preempted portions of Wyo. Stat. Ann. § 27-14-401(e) could be severed from the statute and that the severed statute remained enforceable and required the Division to pay Claimants' air ambulance charges in full?
3. In submitting their workers' compensation claims, were Claimants required to comply with both the workers' compensation claims procedure and the claims procedure established by Wyo. Stat. Ann. § 9-1-404 (requiring that "persons having claims against the state shall document the claim and submit it to the state auditor within one (1) year after the claim accrues, to be audited, settled and acted upon.")?
[¶4] In challenging the OAH order denying its motion for pre- and post-judgment interest, Air Methods presents two issues which we restate as:
1. Did the OAH err in ruling that it lacked jurisdiction to rule on Air Methods' interest motion because the motion was filed after the Division filed its petition for judicial review of the summary judgment ruling?
2. Did the OAH err in ruling that even if it had jurisdiction to rule on the interest motion, it lacked authority to award interest on Air Methods' claims?
FACTS
[¶5] This appeal stems from the Division's payment of charges for air ambulance services in accordance with Wyo. Stat. Ann. § 27-14-401(e), which provides that "[i]f transportation by ambulance is necessary, the division shall allow a reasonable charge for the ambulance service at a rate not in excess of the rate schedule established by the director." The material facts are not in dispute.
[¶6] Between 2012 and 2016, Claimants provided air ambulance services to numerous injured Wyoming workers covered under the Wyoming Worker's Compensation Act. Claimants submitted claims to the Division for those services, and the Division paid those claims. The Division's payments were made, however, in accordance with its statutorily-directed fee schedule and resulted in payments that were significantly less than the amounts billed. As a result, Air Methods billed a total of just under $3 million for *480 seventy claims during the period 2013-2016, and received payments totaling about $423,000. EagleMed billed close to $527,000 for thirteen claims during the period 2013-2015, and received payments totaling about $85,000. Med-Trans billed close to $432,000 for twelve claims during the period 2012-2015, and received payments totaling about $109,000.
[¶7] Claimants submitted objections to the underpayments, with each objection requesting a hearing and asserting that the Airline Deregulation Act ("ADA") barred application of the Division fee schedule to air ambulance billings. Around the time Claimants filed a complaint in federal court challenging the Division's fee schedule under the ADA, the Division referred the objections to the OAH for hearing. As a result of the federal action, the OAH stayed its proceedings "pending an anticipated judicial adjudication of whether the Airline Deregulation Act preempts the [Division's] fee schedule."[1]
[¶8] On May 16, 2016, the District Court for the District of Wyoming issued a summary judgment ruling in favor of Claimants' preemption claim. EagleMed, LLC v. Wyoming ex rel. Dep't of Workforce Serv., Workers' Comp. Div. , 227 F.Supp.3d 1255, 1281 (D. Wyo. 2016). The federal district court ruled:
[T]he Court concludes that the Airline Deregulation Act preempts Wyoming Statute section 27-14-401(e) and Chapter 9, Section 8 of the Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division to the extent the statute and regulation set compensation that air ambulances may receive for their services. The state officials are permanently enjoined from enforcing the statute and regulation against air ambulance services.
EagleMed , 227 F.Supp.3d at 1281.
[¶9] The Division appealed the district court's decision to the United States Tenth Circuit Court of Appeals, and in the interim took the position that since it was enjoined from paying air ambulance providers according to its fee schedule, it was enjoined from paying them at all for their services. On August 16, 2016, the district court responded with an order directing "that the named state officials and their employees and agents are required to compensate air ambulance entities the full amount charged for air ambulance services." The court explained (record cites omitted):
The defendants mischaracterize the effect of this Court's Order Granting Plaintiffs' Motion for Summary Judgment and Order Denying Defendants' Motion for Summary Judgment and Judgment . The defendants claim that this Court has enjoined them from paying the air ambulances any sum of money for services rendered. Such a result would reward the defendants for illegally enforcing its [sic] fee schedule for years. After rereading the Order and Judgment , it is readily apparent that the Court enjoined enforcement of the statute and regulation because the defendants were illegally regulating air ambulance rates. In fact, by violating this Court's Order and Judgment and not paying air ambulances for any services, the defendants are again regulating air ambulance rates, only more severely this time around. The defendants cannot set air ambulance rates. Because the defendants cannot do so, they must pay the air ambulance services whatever they charge.
[¶10] On October 7, 2016, Air Methods filed a motion with the OAH to lift the stay of the contested case proceeding. Air Methods renewed its motion on October 20, and on December 19, 2016, the OAH entered an order lifting the stay. The parties thereafter filed cross-motions for summary judgment, and on August 10, 2016, the OAH ruled in favor of Claimants. The OAH found that § 401(e) was severable, and that, as severed, it authorized payment outside the Division's fee schedule:
*481 [S]everability is the general rule and statutes should be found severable if the valid portions are sufficient in themselves to accomplish the purpose of the statute. [citations omitted] The general purpose of Wyoming Statute § 27-14-401(e) (LexisNexis) is to allow for the payment of ambulance services provided to injured Wyoming workers under the WC Act. The remaining valid portions of Wyoming Statute § 27-14-401(e) (LexisNexis)-"If transportation by ambulance is necessary, the division shall allow a ... charge for the ambulance service"-are sufficient to accomplish the goal of paying for ambulance services provided to injured Wyoming workers covered by the WC Act. In other words, Wyoming Statute § 27-14-401(e) (LexisNexis) as preempted by the US District Court, allows for: (a) the payment of air ambulance charges for necessary transportation of workers' compensation claimants; and (b) the payment of reasonable ground ambulance charges for the necessary transportation of workers' compensation claimants in accordance with the Division's duly adopted fee schedule.
[¶11] Based on the federal preemption ruling and its finding of severability, the OAH ordered that "[t]he Air Ambulance Companies are entitled to reimbursement of the full amount of the air ambulance service charges submitted and billed to the Division in all of the consolidated claims before this Office." On September 1, 2017, the Division filed a petition for judicial review of the OAH ruling.
[¶12] On September 11, 2017, Air Methods filed a motion for pre- and post-judgment interest on its claims with the OAH. The Division opposed Air Methods' interest motion, contending that the OAH no longer had jurisdiction over the matter, and that the Worker's Compensation Act does not authorize payment of interest on claims. On October 20, 2017, the OAH entered an order denying the interest motion on grounds that the OAH lacked both jurisdiction and statutory authority to award interest on Air Methods' claims.
[¶13] On October 31, 2017, Air Methods filed a petition for judicial review of the OAH order denying its interest motion. On November 29, 2017, the district court entered an order consolidating the Division and Air Methods appeals, and on February 23, 2018, the court entered an order certifying the consolidated appeals to this Court. On March 27, 2018, this Court issued an order accepting the consolidated and certified appeals.
STANDARD OF REVIEW
[¶14] This appeal presents only questions of law. We review an agency's conclusions of law de novo and will affirm only if those conclusions are in accordance with law. Coggins v. State ex rel. Wyo. Dep't of Workforce Serv., Workers' Comp. Div. , 2018 WY 77, ¶ 11, 421 P.3d 555, 559 (Wyo. 2018) (quoting Morris v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div. , 2017 WY 119, ¶ 25, 403 P.3d 980, 987 (Wyo. 2017) ).
DISCUSSION
[¶15] We will first address the Division's appeal of the OAH summary judgment ruling (Appeal No. S-18-0074), following which we will address Air Methods' appeal of the OAH order denying its motion for pre- and post-judgment interest (No. S-18-0068).
I. Appeal No. S-18-0074
[¶16] In appealing the OAH summary judgment ruling, the Division presents what we treat broadly as three arguments: A) the federal courts erred in their preemption analysis due to an error as to state law; B) the OAH erred in finding Wyo. Stat. Ann. § 27-14-401(e) severable; and C) the OAH order directing payment to Claimants in full requires the Division to make a payment without an appropriation in violation of the Wyoming Constitution. We will address each in turn.
A. Federal Courts' Preemption Analysis
[¶17] The Division's first argument on appeal is a challenge to the preemption ruling made by the federal district court and upheld by the Tenth Circuit. The Division contends that the preemption ruling was based on an incorrect interpretation of state law and that *482 this Court should correct that alleged misstep by the federal courts. Claimants respond that this is a new argument on appeal that this Court should not consider, and because the argument represents a collateral attack on the federal rulings, it is also barred by the doctrines of collateral estoppel, res judicata , and judicial estoppel. We agree that the argument is one raised for the first time on appeal, and we therefore decline to consider it.[2]
[¶18] In support of its preemption argument, the Division points to Wyo. Stat. Ann. § 27-14-501(a), which defines the procedure for filing claims under the Act and prohibits a medical provider from billing an injured employee for any amount not covered by workers' compensation benefits-also known as balance billing. It argues that the error in the federal analysis was an assumption that the balance billing prohibition applies to air ambulance providers. According to the Division, the prohibition does not apply to air ambulance providers, so those providers may simply bill injured workers for the balance of any charge the Division only partially pays. Thus, the argument goes, since § 401(e) limits what the Division may pay, but not what the air ambulance may collect, the Act does not impermissibly regulate air ambulance rates.
[¶19] It is apparent from a reading of the federal decisions that this was not an argument that the Division presented to either the federal district court or the Tenth Circuit. In fact, it is clear that the Division's argument before the Tenth Circuit was that § 27-14-501(a) does prohibit Claimants from balance billing injured workers.
Defendants contend that air-ambulance companies are free to either submit a bill to the Division for reimbursement at the rates established in the rate schedule, agreeing in return not to bill any remaining unpaid amounts to the injured worker , or to submit the entire bill to the injured worker for payment. * * * Defendants contend that an air-ambulance provider does not "accept[ ] the case of an injured employee" until the provider chooses to present a claim to the Division, and it is only then, Defendants contend, that the remainder of the statute kicks in and prohibits the provider from billing the injured employee for the expenses incurred .
EagleMed, LLC v. Cox , 868 F.3d 893, 900 (10th Cir. 2017) (emphasis added).
[¶20] More importantly for our purposes, the Division did not raise this question in the OAH proceeding. At no point in the administrative proceedings did the Division question the federal preemption ruling or suggest to the OAH that it could avoid preemption of the fee schedule by ruling that § 501(a) permits Claimants to bill the balance of their charges to injured employees. In fact, the opposite is again true. In its summary judgment reply brief, the Division stated unequivocally, "The preemption ruling is not at issue in this proceeding." It repeated this position in its oral argument before the OAH, stating in reference to its fee schedule, "[T]hose limitations have been preempted[.] ... Those are gone. We all agree that those are preempted[.]"
[¶21] We have repeatedly held that in an appeal from an administrative ruling, we will not consider arguments not raised below.
Wyoming Rule of Appellate Procedure 12.09(a) limits an appellate court's review of administrative action to "issues set forth in the petition and raised before the agency." Accordingly, we have routinely held that, with the exception of jurisdictional or certain fundamental issues, issues raised for the first time on appeal from an administrative decision will not be considered. State ex rel. Dep't of Family Servs. v. Kisling , 2013 WY 91, ¶ 14, 305 P.3d 1157, 1162 (Wyo. 2013) ; BP Am. Prod. Co. v. Dep't of Revenue , 2006 WY 27, ¶ 18, 130 P.3d 438, 462 (Wyo. 2006).
Crofts v. State ex rel. Dep't of Game and Fish , 2016 WY 4, ¶ 15, 367 P.3d 619, 623 (Wyo. 2016).
*483 [¶22] The correctness of the federal preemption ruling was not the question before the OAH, and we therefore find no basis to view the Division's question concerning the federal interpretation of Wyo. Stat. Ann. § 27-14-501(a) as a fundamental issue demanding this Court's attention. We instead view the Division's argument as simply a shift in its theory on the preemption question, and we therefore decline to address the argument. See Crofts , ¶ 19, 367 P.3d at 624 ("This court has taken a dim view of a litigant trying a case on one theory and appealing it on another.... Parties are bound by the theories they advanced below.").
B. Severability of Wyo. Stat. Ann. § 27-14-401(e)
[¶23] The crux of the Division's appeal is the severability of § 401(e), which provides:
If transportation by ambulance is necessary, the division shall allow a reasonable charge for the ambulance service at a rate not in excess of the rate schedule established by the director under the procedure set forth for payment of medical and hospital care.
Wyo. Stat. Ann. § 27-14-401(e) (LexisNexis 2017).
[¶24] The OAH ruled that § 401(e) is severable and that, as severed, it required the Division to pay Claimants in full.
20. The Air Ambulance Companies contended this Hearing Examiner must simply apply the US District Court's ruling and order the Division to compensate the Air Ambulance Companies the full amount charged for their air ambulance services provided to the claimants....
21. This Hearing Examiner agrees with the Air Ambulance Companies. Simply put, the US District Court's Judgment, Amended Judgment, and the US District Court Judge's in court statements plainly direct that this Office's decision regarding the claimants is governed by its ruling. The US District Court clearly declared that [§ 401(e) ] is severable when it ruled that the statute is preempted "to the extent the statute and regulation set compensation that air ambulances may receive for their services." Because the US District Court ruled that [§ 401(e) ] is severable, the Division's first two arguments-this Office lacks authority to create a new medical benefit and there is no authority to pay any air ambulance fees because [§ 401(e) ] is completely void-are not persuasive. This Office need not create a new medical benefit because the statute, as severed, authorizes payment of air ambulance charges.... As the Division recognized by its appeal of the US District Court Judgment and Amended Judgment to the Tenth Circuit, this Office is not the proper venue to challenge a ruling of a federal court. Therefore, this Hearing Examiner is compelled to comply with the US District Court's Judgment and Amended Judgment.
22. Moreover, [§ 401(e) ] is severable [under Wyo. Stat. Ann. § 8-1-103(a)(viii) ].... This statutory section has been interpreted to mean that severability is the general rule and statutes should be found severable if the valid portions are sufficient in themselves to accomplish the purpose of the statute. [citations omitted] The general purpose of [§ 401(e) ] is to allow for the payment of ambulance services provided to injured Wyoming workers under the WC Act. The remaining valid portions of [§ 401(e) ]-"If transportation by ambulance is necessary, the division shall allow a ... charge for the ambulance service"-are sufficient to accomplish the goal of paying for ambulance services provided to injured Wyoming workers covered by the WC Act. In other words, [§ 401(e) ] as preempted by the US District Court, allows for: (a) the payment of air ambulance charges for necessary transportation of workers' compensation claimants; and (b) the payment of reasonable ground ambulance charges for the necessary transportation of workers' compensation claimants in accordance with the Division's duly adopted fee schedule.
[¶25] The Division contends that the OAH erred in relying on the federal district court ruling to find that § 401(e) is severable and requires the Division to pay Claimants in full because the Tenth Circuit, subsequent to the OAH ruling, overturned the relevant parts of *484 the district court ruling. It further argues that the OAH erred in applying state law to find the statute severable. We find the OAH severability ruling to be in keeping with state law and therefore affirm.
[¶26] Because the federal preemption rulings provide the backdrop for the severability question, we begin our discussion there. We will then turn to the question of severability under state law.
1. Federal Rulings
[¶27] On the question of the ADA's preemption of § 401(e) and the Division's fee schedule, the federal district court issued a judgment and an amended judgment. In its initial judgment, the court held that the ADA preempted § 401(e) and the fee schedule to the extent they regulated air ambulance rates, and it enjoined their enforcement against air ambulance providers. In its amended judgment, the district court extended the injunctive relief and ordered the Division to pay air ambulance providers the full amount of their charges. EagleMed , 868 F.3d at 896-97. The Tenth Circuit upheld the preemption ruling but scaled back the injunction.
We AFFIRM the district court's legal ruling that Wyoming Statute Section 27-14-401(e) and its associated rate schedule are precluded to the extent that they set forth a mandatory maximum reimbursement rate for air-ambulance claims. We also AFFIRM the initial order of injunctive relief entered in the district court's initial judgment, permanently enjoining Defendants from enforcing the rate schedule against air-ambulance services. We REVERSE the amended judgment and the overbroad injunctive relief entered therein, leaving it for the state officials to determine, as a matter of state law, how Wyoming can and should administer its workers' compensation program within the limitations set by federal law.
EagleMed , 868 F.3d at 907.
[¶28] The court explained its partial reversal of the injunctive relief as a matter of federal comity.
In fashioning injunctive relief against a state agency or official, a district court must ensure that the relief ordered is "no broader than necessary to remedy the [federal] violation." Toussaint v. McCarthy , 801 F.2d 1080, 1086-87 (9th Cir. 1986) (citations omitted). Moreover, "[a] federal court may not enjoin a state official to follow state law." Id ."Fundamental precepts of comity and federalism admit of no other rule." Knop v. Johnson , 977 F.2d 996, 1008 (6th Cir. 1992).
In this case, the only federal violation that occurred was Wyoming's enactment and application of a statute which provided that ambulance providers, including air-ambulance providers, would be reimbursed in accordance with a fixed rate schedule. The injunctive relief ordered in the district court's initial judgment-enjoining Defendants from enforcing the preempted statute and rate schedule, as they related to air-ambulance claims-was sufficient to remedy this federal violation.
The district court's amended judgment, on the other hand, went well beyond what was necessary to remedy the federal violation, placing an affirmative duty on state officials to reimburse in full all air-ambulance claims submitted to the Workers' Compensation Division. However, any such possible duty would exist as a creation only of state, not federal, law. Plaintiffs have not identified a single provision in the Airline Deregulation Act or any other federal statute which would require Defendants to make any payment of air-ambulance claims whatsoever, much less payment at whatever rates Plaintiffs choose to charge them. The question of how Defendants should administer the state Worker's Compensation Act without enforcing the preempted rate schedule against air-ambulance carriers is a question of state law, and any duty to pay the claims remains a state duty, not a federal duty.
Federal law establishes no duty for states to pay the air-ambulance claims of injured workers who are covered by state workers' compensation statutes. To the extent that Defendants may be required to pay such claims, it is state law, not federal law, that requires such action, and we reiterate that "[a] federal court may not enjoin a state *485 official to follow state law." Toussaint , 801 F.2d at 1087. The district court thus abused its discretion when it entered its amended judgment requiring Defendants to reimburse in full all air-ambulance claims received by the Division.
EagleMed , 868 F.3d at 905-06 (footnote omitted).
[¶29] While the OAH's reliance on the district court rulings was understandable, the question of severability, as the Tenth Circuit implicitly recognized, is one of state law. See Rutti v. State , 2004 WY 133, ¶ 15, 100 P.3d 394, 403 (Wyo. 2004) ("Whether or not provisions of a statute are severable is a matter of state law."). Thus, to the extent the OAH relied on the federal district court rulings as a basis for finding § 401(e) severable and for ordering full payment of the air ambulance claims, that was error.
[¶30] Although we find error in the OAH reliance on the district court judgments to find § 401(e) severable, the OAH also ruled that as a matter of state law, § 401(e) was severable and required payment in full. With that ruling, we agree.
2. Severability of § 403(e) under State Law
[¶31] Wyo. Stat. Ann. § 8-1-103 prescribes the rules of construction for Wyoming statutes. Concerning severability, it provides:
(a) The construction of all statutes of this state shall be by the following rules, unless that construction is plainly contrary to the intent of the legislature:
* * * *
(viii) If any provision of any act enacted by the Wyoming legislature or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of any such act are severable[.]
Wyo. Stat. Ann. § 8-1-103(a)(viii) (LexisNexis 2017).
[¶32] The Division first argues that § 8-1-103(a)(viii) should not be regarded as a binding rule of law.
Wyoming Statute 8-1-103 should not be regarded as a positive rule of law. Similar statutes are generally regarded as a statutory codification of one canon of statutory construction. "The principle of separability is sometimes enacted as general law applicable to all acts subsequently adopted in a state irrespective of whether such acts contain their own separability clauses. Courts consider these clauses to be codifications of general rules of interpretation and not binding as fixed rules of law." Volume 2, Norman J. Singer & J.D. Shambie Singer, Sutherland on Statutes and Statutory Construction § 44:11 (7th ed. 2009).
[¶33] We agree that § 8-1-103(a)(viii) is a rule of statutory interpretation, but this Court has nonetheless treated the rule as a binding directive from the legislature. Gordon v. State , 2018 WY 32, ¶ 59, 413 P.3d 1093, 1110 (Wyo. 2018) ("The Wyoming legislature has directed us to attempt to salvage such portions of otherwise unconstitutional legislation it enacts as we can[.]"); Jones v. State , 2007 WY 201, ¶ 7, 173 P.3d 379, 385 (Wyo. 2007) (citing statute and observing, "Severability, then, is the general rule."). We see no reason to depart from our longstanding view of § 8-1-103(a)(viii) as binding and will thus proceed accordingly.
[¶34] In keeping with our general rule of severability, we begin with the premise that a statute is severable unless "plainly contrary to the intent of the legislature." Wyo. Stat. Ann. § 8-1-103(a). This allows "for the severability of statutory provisions that are determined to be invalid if the valid portions are sufficient in themselves to accomplish the purpose of the statute." Rutti , ¶ 16, 100 P.3d at 403. The question is whether the statute can be enforced even if the invalid portions are severed from the statute or whether "the several parts are so interdependent that the main purpose of the law would fail by reason of the invalidity of a part." Id . ¶ 17, 100 P.3d at 404 (quoting McFarland v. City of Cheyenne , 48 Wyo. 86, 99, 42 P.2d 413, 416 (1935) ) (internal alterations omitted).
[¶35] The parties agree that with the preempted portions of § 401(e) severed from *486 the statute, it would read, as applied to air ambulance providers: "If transportation by ambulance is necessary, the division shall allow a charge for the ambulance service." The question then is whether the statute, so severed, is plainly contrary to legislative intent or fails to accomplish the main purpose of the law. We answer both questions in the negative.
[¶36] Unquestionably, the legislature is concerned with and attentive to cost control measures for Wyoming's workers' compensation program. See, e.g. , Wyo. Stat. Ann. § 27-14-101(b) (expressing legislative intent to provide workers' compensation at reasonable cost to employers); Wyo. Stat. Ann. § 27-14-802(a) (director's general authority to establish fee schedules for medical and hospital care). Cost control is not, however, the purpose of the Worker's Compensation Act. The purpose of the Act is to provide quick and efficient delivery of benefits to injured workers, and we have recognized that this goal takes precedence over cost control.
We interpret both the constitutional provision and the statutory scheme in a way that gives effect to the lawmakers' intent and preserves the historic compromise between workers and employers. [In re ] Summers , 987 P.2d [153] at 157 [ (Wyo. 1999) ]. We also interpret the statute as intending to "assure the quick and efficient delivery of indemnity and medical benefits to injured and disabled workers." Wyo. Stat. Ann. § 27-14-101(b) (LexisNexis 2001). In interpreting subsection 101(b), the risk of loss is placed on industry rather than on the individual employee. Casper Oil Co. v. Evenson , 888 P.2d 221, 227 (Wyo. 1995).
Appleby v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2002 WY 84, ¶ 27, 47 P.3d 613, 621 (Wyo. 2002).
[¶37] Although § 401(e) contains a cost control mechanism, it was not enacted as a cost savings provision. When the provision was first enacted in 1945, it read:
That in cases where injuries to workmen are of such character that transportation by ambulance is necessary, the court shall allow a reasonable charge for such ambulance service at a rate not in excess of the rate schedule established by the State Treasurer.
1945 Wyo. Sess. Laws Ch. 171, § 10.
[¶38] The provision itself required a rate schedule, but the preamble to the law did not reference that cost control measure and instead described the law as "AN ACT ... providing for payment of transportation by ambulance in cases where injuries to workmen are of such character as to require such transportation." 1945 Wyo. Sess. Laws Ch. 171. "While a preamble to a statute is not binding, it is worthy of consideration by the court in discerning the legislature's intention in adopting a statute." State ex rel. Wyo. Workers' Safety & Comp. Div. v. Johnson , 2008 WY 59, ¶ 11, 185 P.3d 16, 19 (Wyo. 2008) (quoting Rawlinson v. Greer , 2003 WY 28, ¶ 20, 64 P.3d 120, 124 (Wyo. 2003) ). The preamble to the 1945 law illustrates that the legislature's objective was to provide the benefit of ambulance transportation to injured workers. While cost control was and remains a factor in delivering that benefit, as it surely is with any benefit, we find no evidence that the legislature would forgo providing an injured worker the benefit in the absence of a rate schedule.
[¶39] For these reasons, we conclude the severing of § 401(e) is not plainly contrary to legislative intent. See Wyo. Stat. Ann. § 8-1-103(a)(viii) (providing for severance if not "plainly contrary to the intent of the legislature"). Rather, severing § 401(e) is entirely consistent with the Act's goal of quick and efficient delivery of medical benefits. Section 401(e), as severed, continues to ensure that an injured worker who requires transportation by air ambulance will have that cost covered.
[¶40] Finally, we disagree with the Division that, as severed, § 401(e) provides no guidance on the amount an air ambulance provider is to be paid and is therefore too vague to be workable. The Wyoming Constitution provides that compensation paid from the workers' compensation fund shall be "as may be fixed by law." Wyo. Const. art. 10, § 4 (c). Two laws fix the air ambulance benefit. The first is § 401(e), which, as severed, authorizes *487 the Division to pay an injured worker's necessary air ambulance expenses. The second is the ADA, which, as the Tenth Circuit explained, prohibits state action affecting the rate charged by an air ambulance provider.
The Airline Deregulation Act's preemption provision states in pertinent part that "a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1). The Supreme Court has explained that this provision expresses "a broad pre-emptive purpose" and will preempt any "[s]tate enforcement actions having a connection with, or reference to, airline 'rates, routes, or services.' " Morales v. Trans World Airlines, Inc. , 504 U.S. 374, 383-84, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).
EagleMed , 868 F.3d at 899.[3]
[¶41] Under § 401(e), as severed, air ambulance charges incurred by an injured worker are covered expenses, and the Division has authority to pay those charges. Applying the ADA, the Division is barred from taking unilateral action to reduce Claimants' rates. Thus, the laws together are clear, and they require the Division to pay the full amount billed by Claimants.[4] The OAH did not have to add language to § 401(e) to reach that conclusion, and it did not exceed its authority by directing the Division to pay Claimants in full.
C. Constitutionality of OAH Order
[¶42] In its final argument, the Division contends the OAH order violates Article 16, § 7 of the Wyoming Constitution because it orders a payment of state funds without legislative appropriation. We find no violation.
[¶43] Article 16, § 7 provides:
No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.
Wyo. Const. art. 16, § 7.
[¶44] In arguing that the OAH order violates this provision, the Division concedes that the Wyoming Worker's Compensation Act is considered a continuing appropriation and that the payment of claims under the Act requires no further action under Article 16, § 7. See State ex rel. Henderson v. Burdick , 4 Wyo. 272, 33 P. 125, 131 (1893) ("[T]he constitutional requirement that no money shall be paid from the treasury except by appropriations made by the legislature or by law means that no money shall be paid out of the treasury except in pursuance of some law."). The Division contends, however, that the only air ambulance payments authorized by Wyo. Stat. Ann. § 27-14-401(e) are those made in accordance with the Division's fee schedule. We disagree.
[¶45] The Division's argument ignores the effect of the OAH severability ruling, which we have upheld. When we hold a statute is severable, we are holding that the statute, without the severed portion, is operable and consistent with the legislature's intent. See Wyo. Stat. Ann. § 8-1-103(a)(viii).
*488 As we held above, § 401(e), as severed, authorizes the payment of Claimants' air ambulance charges in full. The severed statute is now part of the Act's continuing appropriation, and the OAH therefore did not order a payment without appropriation in violation of Article 16, § 7.
II. Appeal No. S-18-0068
[¶46] Air Methods filed a motion for pre- and post-judgment interest on its claims ten days after the Division filed its petition for review of the OAH summary judgment order. The OAH denied the motion for lack of jurisdiction, reasoning that once the Division filed its petition for review, jurisdiction over the entire matter vested in the district court. It further ruled that even if it had jurisdiction to rule on the motion, it had no statutory authority to award interest on a worker's compensation claim. We conclude the OAH had jurisdiction to rule on the motion, but we affirm the OAH conclusion that it had no statutory authority to award interest. Before turning to our discussion of the jurisdictional and statutory authority questions, however, we must first address the parties' differing positions on the finality and effect of the OAH summary judgment order.
A. Finality and Effect of the Summary Judgment Order
[¶47] The Division contends the order directing payment of the air ambulance charges was a final appealable order and that it impliedly denied Air Methods' request for interest. In keeping with this position, the Division argues that Air Methods should have filed either a direct appeal or a cross-appeal of the summary judgment order and its failure to do so renders its appeal untimely. On that basis, the Division has filed a motion to dismiss Air Methods' appeal. We took that motion under advisement pending our record review.
[¶48] Air Methods takes a different view of the summary judgment order. It contends the order either impliedly granted its request for interest, but did not calculate the amount due, or it left the question unanswered. On that basis, it argues the summary judgment order was not a final order, and the Division's petition for review was premature.
[¶49] We begin by looking to Air Methods' claims that were referred to the OAH for hearing and on which Air Methods sought summary judgment. Air Methods' claims consisted of notices of objection to the Division's underpayment of seventy separate billings. The objections did not claim a right to or make a demand for interest on the underpayments and instead claimed only a right to the difference between the amount billed and the amount paid. Similarly, in the exhibits to its summary judgment motion, Air Methods included summary tabulations of its claims, but those tabulations did not reference a claim for interest on the underpaid billings.
[¶50] During oral argument on the summary judgment motions, Air Methods remained silent on its claim for interest. Counsel for Air Methods argued its claim for relief, but stated it again in the manner stated in its notices of objection and summary judgment exhibits-the unpaid portion of the billing, with no reference to interest.
So, you know, we're back to where we began. We stayed this case to get an answer on that one legal question that we all knew would supply the rule of the decision. We got that-we got that answer from Judge Johnson. He's answered all of the questions that the Division raises here. So we'd ask that the Court grant the claimant's motion and order the Division to pay the full bill charges as set forth in the pleadings.
[¶51] The only mention Air Methods made of its request for interest was a passing reference to it in the concluding paragraph of its summary judgment motion, where it requested an award of the underpayments, "together with pre- and post-judgment interest to the extent permitted by law." Aside from this passing reference, the motion offered no argument or legal analysis to support the request.
[¶52] Not surprisingly, then, the OAH summary judgment order, while explicit in its relief, did not address Air Methods' request for interest. The order directed:
*489 1. The Division's March 17, 2017 Motion for Summary Disposition is DENIED.
2. Air Methods' April 20, 2017 Motion for Summary Judgment and EagleMed/Med-Trans April 20, 2017 Motion for Summary Judgment are GRANTED.
3. The Air Ambulance Companies are entitled to reimbursement of the full amount of the air ambulance service charges submitted and billed to the Division in all of the consolidated claims before this Office.
4. This case is returned to the Wyoming Workers' Compensation Division.
[¶53] We find it clear that Air Methods' request for interest was neither at issue in the summary judgment proceedings nor impliedly ruled on by the summary judgment order. That being the case, the order contained no adverse ruling for Air Methods to appeal, and we therefore deny the Division's motion to dismiss Air Methods' appeal as untimely.
[¶54] Turning to the question of whether the Division's petition for review was premature, we have said that "[a] final administrative order is one ending the proceedings, leaving nothing further to be accomplished. If the agency retains the matter for further action, the order is not final." Douglass v. Wyo. Dep't of Transp. , 2008 WY 77, ¶ 17, 187 P.3d 850, 854 (Wyo. 2008) (quoting MGTC, Inc. v. Public Serv. Comm'n , 735 P.2d 103, 106 (Wyo. 1987) ). The summary judgment order was couched in terms of a final order, and expressly stated no further action would be taken on the claims before the OAH. The order fully addressed the merits of Claimants' objections to the Division's underpayments, and it granted the relief Claimants requested in those objections-the difference between the amount billed and the amount paid. Thus, as to the Claimants' notices of objection and the claims made therein, the summary judgment order was a final appealable order, and the Division did not prematurely file its petition for review.
[¶55] This leaves Air Methods' claim for interest on the Division's underpayments as a claim separate from its claims for the difference between the billings and payments. We turn then to our consideration of the OAH's jurisdiction to rule on the interest request as a separate claim and its statutory authority to make such an award.[5]
B. OAH Jurisdiction to Rule on Interest Motion
[¶56] "Subject matter jurisdiction is 'the power to hear and determine the matter in controversy between the parties.' " Linch v. Linch , 2015 WY 141, ¶ 17, 361 P.3d 308, 313 (Wyo. 2015) (quoting Brush v. Davis , 2013 WY 161, ¶ 9, 315 P.3d 648, 651 (Wyo. 2013) ). It refers to "the authority to consider and decide 'cases of the general class of which the proceeding belongs.' " Id. ¶ 17, 361 P.3d at 314 (quoting Brush , ¶ 9, 315 P.3d at 651 ); see also Crofts , ¶ 38, 367 P.3d at 628 ; Birkle v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2007 WY 9, ¶¶ 5-6, 11, 150 P.3d 187, 189-90 (Wyo. 2007) (same principles of jurisdiction apply to administrative agencies). The question is therefore whether a claim for interest on a worker's compensation claim is within the general class of claims the OAH has the authority to decide.
[¶57] Wyo. Stat. Ann. § 27-14-616 addresses the jurisdiction of the OAH and the Medical Commission, the two administrative entities authorized to hear contested workers' compensation claims. It provides:
The decision to refer a contested case to the office of administrative hearings or a medical hearing panel established under this section shall not be subject to further administrative review. Following referral by the division, the hearing examiner or medical hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. 27-14-601(k) .
Wyo. Stat. Ann. § 27-14-616(b)(iv) (LexisNexis 2017) (emphasis added).
[¶58] Air Methods' motion for interest on its underpaid billings was a separate claim, *490 but it was undoubtedly an issue related to its objections to the Division's underpayment. The OAH therefore, generally speaking, had jurisdiction to consider the motion. The remaining question is whether the Division's filing of its petition for review divested the OAH of that jurisdiction.
[¶59] W.R.A.P. 12 governs appeals from administrative agencies, but while that rule outlines requirements specific to administrative appeals, it does not make the other rules inapplicable.
All appeals, reviews pursuant to Rule 12, certifications under Rules 11 or 12, and petitions for writ of review pursuant to Rule 13 shall be governed by these rules. Where the term "appellate court" is used in these rules, it refers to either the district court or the supreme court as circumstances make appropriate. The term "trial court" refers to either a district court, a circuit court, or a municipal court.
W.R.A.P. 1.02(a).
[¶60] W.R.A.P. 6.01 addresses the docketing of appeals and jurisdiction, and by its terms applies to all appeals, including administrative appeals. It provides:
(a) The case shall be docketed in the appellate court when the notice of the completion of the record, as provided in Rule 3.05(a), is transmitted to the appellate court together with the filing fee or an order granting leave to proceed in forma pauperis on appeal. The clerk of the appellate court shall serve the parties to the appeal notice that the appeal has been docketed and set forth the briefing schedule in accord with Rule 7.
(b) The appellate court shall acquire jurisdiction over the matters appealed when the case is docketed . In all cases, the trial court retains jurisdiction over all matters and proceedings not the subject of the appeal, including all matters covered by Rules 4 and 5, unless otherwise ordered by the appellate court.
(c) A district court shall have jurisdiction of appeals from interlocutory orders of administrative agencies and circuit courts and municipal courts, and questions certified pursuant to Rule 11, and petitions pursuant to Rule 13.
(d) The supreme court shall have jurisdiction of appeals from interlocutory orders of a district court, and questions certified pursuant to Rules 11 or 12, and petitions pursuant to Rule 13.
(e) The appellate court has authority to ascertain its jurisdiction of the appeal once the case is docketed by the clerk of the appellate court.
W.R.A.P. 6.01 (emphasis added).
[¶61] Rule 6.01(b) does not detail an administrative entity's retained jurisdiction as explicitly as it does a trial court's. As used in the rules, however, the term "appellate court" includes a district court when it hears an appeal from an agency order, and Rule 6.01(b) therefore speaks to that court's jurisdiction on the filing of a petition for review. The jurisdiction a district court acquires as an appellate court extends only to the matters appealed.[6] The administrative agency, in turn, implicitly retains jurisdiction over matters not decided by or at issue in the appealed order.[7]
[¶62] Air Methods' interest claim was not addressed in the summary judgment order and therefore was not included in the matter over which the district court acquired jurisdiction. The claim instead presented an issue separate from but related to the Air Methods objections referred for hearing, and the OAH retained jurisdiction to rule on the interest motion. See Wyo. Stat. Ann. § 27-14-616(b)(iv) ("Following referral by the division, *491 the hearing examiner or medical hearing panel shall have jurisdiction to hear and decide all issues related to the written notice of objection filed pursuant to W.S. 27-14-601(k)."). In that regard, the interest motion was similar to matters over which we have found a trial court retains jurisdiction upon the filing of a notice of appeal with this Court. See, e.g. , Garwood v. Garwood , 2010 WY 91, ¶ 27, 233 P.3d 977, 984 (Wyo. 2010) ("The district court's judgment did not address attorneys' fees and costs. Because those issues were not the subject of the Trustees' appeal, the district court did not lose jurisdiction to address them."); In re Paternity of IC , 941 P.2d 46, 50-51 (Wyo. 1997) (upholding district court jurisdiction to determine visitation and support while mother's paternity appeal was pending); Moore v. Moore , 809 P.2d 255, 258 (Wyo. 1991) ("[A]dditional proceedings, which are collateral to the issues presented in the appeal and which do not affect the issues on appeal or the outcome of the appeal, may be conducted in the district court even while the appeal is pending in this court.").
[¶63] Having determined the OAH had jurisdiction to address Air Methods' interest motion, we turn to the question of its statutory authority to make such an award.
C. Statutory Authority to Award Interest
[¶64] "[A]n agency has and may properly exercise only those powers authorized by the legislature." State ex rel. Dep't of Workforce Servs., Wyo. Workers' Safety and Comp. Div. v. Clements , 2014 WY 68, ¶ 14, 326 P.3d 177, 181 (Wyo. 2014) (citation omitted). Air Methods concedes that the Worker's Compensation Act does not expressly authorize an award of interest on contested claims, but it nonetheless contends that the OAH erred in denying its interest motion. It argues that Wyo. Stat. Ann. § 1-16-102(a), the general interest statute for decrees and judgments, authorized an award of pre- and post-judgment interest on its claims. Alternatively, it urges this Court to find, as a matter of policy, an implied authority under the Act to award interest on contested claims. We reject both arguments.
1. Authority under Wyoming's General Interest Statute
[¶65] Wyo. Stat. Ann. § 1-16-102(a) (LexisNexis 2017) provides, in part, that "all decrees and judgments for the payment of money shall bear interest at ten percent (10%) per year from the date of rendition until paid." We have interpreted this provision as applying only to awards that are rightly considered judgments. Hot Springs Cty. Sch. Dist. No. 1 v. Strube Constr. Co. , 715 P.2d 540, 549 (Wyo. 1986). For example, in Hot Springs , we held the statute inapplicable to an arbitration award because such awards are not treated as judgments under the Uniform Arbitration Act. Id .
We do not believe our legislature intended that the provisions of § 1-16-102(a) apply to arbitration awards.
In reaching this conclusion, we are not without guidance from the legislature. In the Uniform Arbitration Act itself, awards are not treated as judgments for purposes of enforcement until "the granting of an order confirming, modifying or correcting an award" by the district court.
Hot Springs , 715 P.2d at 549.
[¶66] The same reasoning applies here. An award of workers' compensation benefits is an administrative determination, not a judgment.
Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by this act.
Wyo. Stat. Ann. § 27-14-606 (LexisNexis 2017).
[¶67] Because workers' compensation awards are administrative determinations, not judgments, we follow our reasoning in Hot Springs and conclude that the legislature did not intend the general interest statute to apply. This conclusion is reinforced by our general rule that a specific statute controls over a general statute. See *492 Hall v. Park County , 2010 WY 124, ¶ 12, 238 P.3d 580, 584 (Wyo. 2010) (rejecting application of general savings statute to governmental claim where the more specific and comprehensive Wyoming Governmental Claims Act contained no savings statute). Wyoming's workers' compensation law is a set of specific statutes comprehensively crafted to give effect to a balance between the rights of workers and employers. Appleby , ¶ 27, 47 P.3d at 621. We can discern no basis from which we may glean a legislative intent to interject a general statutory interest rate, which at ten percent is particularly onerous, into the more specific and comprehensive workers' compensation law.
[¶68] Our decision in World Mart, Inc. v. Ditsch , 855 P.2d 1228 (Wyo. 1993), does not persuade us otherwise. Air Methods cites to World Mart as a decision where this Court relied on cases applying the general interest statute to uphold an award of pre-judgment interest by the Fair Employment Commission. It points out that our decision upheld that award despite the Commission's lack of express statutory authority to award interest. Air Methods' reliance on World Mart is misplaced.
[¶69] The sole question concerning the award of interest in World Mart was whether the employee's claim was liquidated, which would support a claim of pre-judgment interest, or unliquidated, which would not. World Mart , 855 P.2d at 1236. The employer did not challenge the authority of the Commission to award interest, and our Court did not address the question. Our sole holding on the question was one directed to the Commission's mathematic ability to compute interest, not its authority to make such an award.
The hearing officer could accurately and readily compute Ditsch's back pay award based upon the parties' written evidence submitted at the hearing. It follows that there was no error in the grant by the hearing officer of prejudgment interest on the liquidated sum of $66.81 per day. Holst v. Guynn , 696 P.2d 632 (Wyo.1985) ; Rissler & McMurry Co. v. Atlantic Richfield Co. , 559 P.2d 25 (Wyo.1977).
World Mart , 855 P.2d at 1237.
[¶70] World Mart does not stand for the proposition that an administrative agency has implied authority to award interest under Wyoming's general interest provision. Wyo. Stat. Ann. § 1-16-102 applies to judgments and decrees, not to administrative awards. We therefore reject the general interest provision as a basis for awarding interest on a contested worker's compensation claim.[8]
2. Implied Authority to Award Interest
[¶71] Air Methods next argues that this Court should follow the lead of other states and find that the Worker's Compensation Act, in keeping with the Act's policy and aims, impliedly authorizes an award of interest on contested claims. While we do not dismiss the sound policy reasons that may support an award of interest on contested claims, we have consistently held that we will not add benefits to the workers' compensation law that the legislature itself has not seen fit to provide.
Courts are, in fact, to exercise restraint and adhere strictly to the literal terms of the statute when addressing limitations directly mandated by the legislature. Seckman [v. Wyo-Ben, Inc. ], 783 P.2d [161] at 165 [ (Wyo. 1989) ]. In particular, the courts are not free under the guise of liberal construction to extend worker's compensation benefits to injuries that do not reasonably fall within the statute. In re Hardison , 429 P.2d [320] at 322 [ (Wyo. 1967) ] ; Matter of Van Matre , 657 P.2d [815] at 818 [ (Wyo. 1983) ] ; Deloges v. State ex rel. Worker's Comp. Div. , 750 P.2d 1329, 1331 (Wyo.1988).
Corman v. State ex rel. Wyo. Workers' Comp. Div. , 909 P.2d 966, 971 (Wyo. 1996).
[¶72] Whether interest will be permitted on contested workers' compensation *493 claims is a policy question for the legislature, and we will not invade its province. See Gordon , ¶ 55, 413 P.3d at 1109 ("The judiciary will not encroach into the legislative field of policy making[.]"); Cheyenne Newspapers, Inc. v. Bd. of Trustees of Laramie County Sch. Dist. No. One , 2016 WY 113, ¶ 24, 384 P.3d 679, 685-86 (Wyo. 2016) (recognizing legislature's prerogative to address and balance policy concerns). We are particularly reluctant to prescribe policy in the area of workers' compensation, where the legislature has enacted legislation to implement what is recognized as an "historic compromise between workers and employers." Appleby , ¶ 27, 47 P.3d at 621. In that regard, we agree with the observations made by the Indiana Supreme Court in rejecting a claim for interest where its workers' compensation law likewise contained no express authority for such an award.
Essentially, Indiana's Worker's Compensation Act sets forth a comprehensive system for the compensation of injuries arising out of and in the course of employment. As demonstrated by the various approaches taken in other jurisdictions, crafting a rule that allows interest on medical payments or worker's compensation benefits involves choosing among an array of equally compelling policy considerations. Because the system is uniquely legislative in nature and alters the common law rights and liabilities of both employees and employers, appellate courts should be hesitant to disturb the delicate balance the General Assembly has reached and thus refrain from applying provisions not expressly included in the statutory scheme.
Christopher R. Brown, D.D.S., Inc. v. Decatur County Mem'l Hosp. , 892 N.E.2d 642, 649 (Ind. 2008) ; see also Weaver v. State Indus. Ins. System , 104 Nev. 305, 756 P.2d 1195, 1195-96 (1988) (noting legislature's likely awareness that many claims would be litigated and deferring to its presumed policy choice to not include interest awards from its comprehensive legislation).
[¶73] The balancing of considerations required for determining whether contested workers' compensation claims is a matter on which we defer to the legislature. We therefore decline Air Methods' invitation to find an implied authority to award interest on Air Methods' claims.
CONCLUSION
[¶74] The OAH correctly ruled that Wyo. Stat. Ann. § 27-14-401(e) was severable, and as severed, the statute required the Division to pay Claimants the full amount of their billing for air ambulance services. The OAH also correctly ruled that it lacked statutory authority to award interest on the contested claims. The Division's motion to dismiss Air Methods' appeal as untimely is denied. Affirmed.

The OAH stay was entered on December 18, 2014, at which time only fifteen claims were pending before the OAH. The parties stipulated, and the OAH ordered, that the pending claims and any future similar claims would be considered after the federal ruling on preemption and that no party would be deemed to have waived the right to appeal application of the fee schedule while the stay was in place.

Because we reject the Division's argument as a new one on appeal, we need not address Claimants' other preclusion arguments.

We have held that the phrase "according to law," as used in a state statute necessarily includes pronouncements of the United States Supreme Court: "This Court concludes that the phrase must include United States Supreme Court case law for the simple reason that the decisions of that Court are the law, as binding upon the States as any acts of the legislative bodies." Bear Cloud v. State , 2013 WY 18, ¶ 36, 294 P.3d 36, 45 (Wyo. 2013) (emphasis in original). We see no reason to treat the phrase "fixed by law" any differently. As the Tenth Circuit held, Wyoming's workers' compensation law is subject to and preempted by the ADA, and the Division's actions must comply with that law's dictates.

This does not mean air ambulance companies are free to charge any amount they choose. Although the ADA precludes state regulation of air ambulance rates, the Secretary of Transportation may investigate and stop an air carrier's unfair or deceptive practices, methods of competition, or sale of air transportation. 49 U.S.C. § 41712 (2010).

The Division does not contend that Air Methods waived any claim to interest by failing to include the claim in its notices of objection or by failing to cogently raise the question in its summary judgment motion, and we therefore do not address that question.

This would include jurisdiction over related matters such as the appointment of counsel where authorized. See, e.g. , Wyo. Stat. Ann. § 27-14-615 (authorizing a district court to "appoint an attorney to represent the employee during proceedings in the district court and appeal to the supreme court").

An example is an application for attorney fees. While W.R.A.P. 12.04 requires that a petition for review be filed within thirty days of service of a final OAH decision, Chapter 5, § 3(c) of the OAH Special Rules Relating to Workers' Compensation directs that "[a]ll requests for fees and costs shall be submitted to the Office within ninety (90) days of the final order." The district court will have acquired jurisdiction over the matter appealed, but the OAH retains jurisdiction to rule on the application for fees.

The same is true of Wyo. Stat. Ann. § 40-14-106(e), which provides that interest on money shall be at 7% per annum. Although we have held that in the absence of contractual agreement to another rate, the statutory 7% rate applies to an award of prejudgment interest, KM Upstream, LLC v. Elkhorn Constr., Inc. , 2012 WY 79, ¶ 45, 278 P.3d 711, 727 (Wyo. 2012), that is again an award that is made when a judgment is entered. Because a worker's compensation award is not a judgment, prejudgment interest at the 7% rate is not available.